## LYNAM *v.* BUCKNER ET AL

PROMISSORY NOTE.—*Action by Administrator of Payee.*—*Party Claiming Title to Note Made Plaintiff.*—*Pleading.*—*Parties.*—*Fraud.*—*Husband and Wife.*—*Open and Close.*—*Decedents' Estates.*—In an action on a promissory note, against the maker, by the administrator of the deceased payee, the widow of the latter, claiming title to the note, was, on her application and affidavit, by order of court, made plaintiff in the action, and filed her complaint, alleging that the note in suit was her property; that the sole consideration therefor, received by the maker, was a promissory note, executed to her by the maker in consideration of a loan to him, by her, out of her separate estate, and that the husband had fraudulently procured such note and delivered it to the maker, in consideration of the execution of the note in suit to the husband; and she demanded judgment on the note, against the maker, and, against the administrator, that the

note was her property. To this the administrator answered, admitting that the consideration of the note in suit was once part of her separate estate, placed by her in her husband's hands for investment, in her name, in real estate, but alleging, that, at an unnamed date, the husband had caused certain real estate to be conveyed to her by another, at her request, in full satisfaction of her said separate property.

*Held,* on demurrer to the answer, that the pleading to which it was filed was not a "cross-complaint," but a complaint, and that the answer is insufficient.

*Held,* also, that, on the issues formed by a general denial of her complaint by the administrator and maker, and by her general denial of such answer, she was entitled to the open and close.

*Held,* also, the maker having filed an interpleader, asking judgment as to who was the real owner of the note, that she was no party to the complaint filed by the administrator, and that she was the sole plaintiff, and the other parties the defendants, in the action.

SAME.—*Witness.*—*Who may be.*—The maker of the note in suit, in such action, was, under the issues formed, a competent witness on behalf of the widow.

SAME.—*Administrator's Wife not a Competent Witness.*—The wife of the decedent's administrator, in such action, was not a competent witness on his behalf.

PRACTICE.—*New Trial.*—*Assignment of Error.*—Matter which is only cause for a new trial can not be assigned independently as error, on appeal to the Supreme Court.

From the Johnson Circuit Court.

*S. P. Oyler,* for appellant.

*G. M. Overstreet* and *A. B. Hunter,* for appellees.

HOWK, J.—In this action, the appellees, George W. Buckner and Joseph Lynam, administrators of the estate of Thomas Lynam, deceased, sued William C. Morgan and Ezekiel W. Morgan, partners, under the firm name of W. C. Morgan & Co., as defendants, in the court below, upon a promissory note, of which the following is a copy:

"$900.            TRAFALGAR, IND., Jan. 2d, 1873.

"Twelve months after date, we promise to pay to the order of Thomas Lynam nine hundred dollars, value received, without any relief from valuation or appraisement laws of the State of Indiana, with interest at ten per cent. per annum from date until paid; if this note be

collected by suit, the judgment shall contain the reasonable fee for plaintiff's attorney.

(Signed,)                     "W. C. MORGAN & Co."

The note was credited by interest paid to January 2d, 1875.

Afterward, on the application of the appellant, supported by affidavit, she was made a party plaintiff in said action. Thereupon the appellant filed what is called in the record her cross-complaint, in which she alleged, in substance, that she was the rightful and only legal owner of the note, and the proceeds thereof, described in the original complaint in this action; that the consideration therefor was a loan of the sum of nine hundred dollars to the defendants, William C. and Ezekiel W. Morgan, of and from the separate and exclusive property of the appellant; that no part of said sum of nine hundred dollars so loaned, and for which said note was executed, was the property of said Thomas Lynam, in his lifetime; that the appellant was the wife, and then was the widow, of said Thomas Lynam; that, at the time of the making of the note described in the original complaint, the appellant had and held a note upon the defendant Ezekiel W. Morgan, for the sum of nine hundred dollars, which said note was her separate property, and in and to which the said Thomas Lynam had and held no right, title or claim whatever; that the said Thomas Lynam, at the request of said Ezekiel W. Morgan, having obtained the possession of said last mentioned note, in violation and in fraud of the appellant's rights, surrendered said note, and, without the appellant's knowledge or consent, caused the note mentioned in the original complaint to be executed to him, said Thomas Lynam, as the payee thereof; that no part of the consideration of said note was advanced or paid by said Thomas Lynam, but that the whole and every part of such consideration was advanced and paid by, and was the separate and exclusive property of, said appellant; that the appellees, the ad-

ministrators of the estate of said Thomas Lynam, deceased, were not entitled to a judgment upon said note; that the same was no part of the assets of said estate; that said note was the separate and exclusive property of the appellant; that a reasonable attorney's fee for instituting this suit was fifty dollars, and that said note was then due and wholly unpaid. Wherefore the appellant prayed a judgment and decree against the appellees, the administrators of the estate of Thomas Lynam, deceased, that she, the appellant, was the owner of said note as her separate property; and she demanded judgment against the defendants, William C. and Ezekiel W. Morgan, for twelve hundred dollars, and for other proper relief.

The defendants, the Morgans, who have been named appellees in this court, filed an answer to the original complaint, which answer was somewhat in the nature of a bill of interpleader. They admitted the execution of the note sued on, and that the same was unpaid; and they alleged, that they had long before been, and were then, ready and willing to pay the principal and interest due on said note, but that they had been notified by the appellant that she claimed said note as her separate property. They tendered an issue, by a general denial of the matters not therein admitted, to the original complaint, and prayed that the plaintiffs, the administrators of the estate of the payee of said note, and the appellant might be required to interplead and to determine, by the judgment of the court below, the real ownership of said note and its proceeds, and that, upon their payment of the principal and interest due on said note to the party that might be adjudged to be the owner of said note, they might be discharged, with their costs.

They also answered, by a general denial, the appellant's cross-complaint.

The appellees, the administrators of the estate of said Thomas Lynam, deceased, answered the appellant's cross-complaint, in two paragraphs, in substance, as follows:

1. A general denial;

2. That the consideration for which the note sued on was given, to wit, one thousand dollars, was once the separate property of the appellant; that, long before the taking of said note, said money was placed in the hands of the appellant's deceased husband, Thomas Lynam, to be by him invested in real estate, in her name and for her use; that, in pursuance of said purpose and at her request, the said Thomas Lynam, on the — day of ——, ——, caused and procured George W. Buckner and his wife to execute and deliver to the appellant a deed of conveyance, in fee-simple, for certain real estate in Johnson county, Indiana, particularly described in said paragraph, of the value of one thousand dollars, a copy of which deed was filed with, and made part of, said paragraph; that the appellant accepted said deed, and still held said real estate, in full satisfaction and payment for her said separate property. Wherefore the appellees, administrators as aforesaid, said, that, long before and at the time of the execution of the note in suit, the consideration thereof had been and was the separate property of said Thomas Lynam, and not of the appellant; and they demanded judgment.

To the second paragraph of this answer the appellant demurred, upon the ground that it did not state facts sufficient to constitute a defence to her action, which demurrer was overruled, and to this decision the appellant excepted. The appellant then replied, by a general denial, to said second paragraph of answer.

The issues joined were tried by a jury in the court below, and a general verdict was returned for the appellees, the administrators of the estate of said Thomas Lynam, deceased, as against the defendants, the Morgans, assessing their damages at the sum of one thousand and fifty-seven dollars and eighty-five cents; and the jury also found against the appellant. With their general verdict the jury also returned their special findings on particular

questions of fact submitted to them by the appellant, under the direction of the court.

As no question is made in this court in regard to the special findings of the jury, we need not set them out in this opinion.

The appellant's motion for a new trial was overruled, and to this decision she excepted, and judgment was then rendered on the verdict by the court below, from which judgment this appeal is now here prosecuted.

In this court the appellant has assigned, as errors, the following decisions of the court below :

1. In overruling her demurrer to the second paragraph of the answer of the appellees, the administrators of said Thomas Lynam, deceased;

2. In overruling her motion to open and close ;

3. In excluding the testimony of William C. Morgan and Ezekiel W. Morgan, competent witnesses, in her behalf ;

4. In admitting the testimony of Mrs. Eliza H. Buckner, the wife of one of the appellees ; and,

5. In overruling the appellant's motion for a new trial.

We will consider and decide the several questions presented by these alleged errors, in the order of their assignment.

1. It seems to us, that the second paragraph of the answer of the appellees, the administrators of the estate of said Thomas Lynam, deceased, did not state facts sufficient to constitute a defence to the so-called cross-complaint of the appellant. It is a *misnomer*, to call the appellant's first pleading, in this action, a cross-complaint. The appellant was not made a party to the original complaint either by the action of the plaintiffs therein, or by the order of the court below. By the order of the court, the appellant was made a party plaintiff, not in the complaint then filed, but in the action. She filed, not a cross-complaint, but an original complaint in her own behalf,

setting up therein her own cause of action, making parties defendants thereto all the parties to the original complaint, both plaintiffs and defendants.   The gist of her complaint, erroneously termed a cross-complaint, was, that the only consideration of the note sued on by the plaintiffs in the original complaint was the note of the defendant Ezekiel W. Morgan, for nine hundred dollars, had and held by the appellant as her separate and exclusive property, and in and to which her deceased husband, Thomas Lynam, had and held no right, title or claim whatever; which said note the said Thomas Lynam, having obtained the possession of, in violation and in fraud of the appellant's rights and without her knowledge or consent, surrendered, and, upon the same and no other consideration, procured the execution of the note in suit to himself as the payee thereof.   We do not think that the averments of the said second paragraph of answer are a sufficient response or defence to the appellant's cause of action.   It is admitted in said paragraph, as we understand it, that the consideration of the note in suit was once the separate property of the appellant; but it is neither admitted nor denied therein, that the said Thomas Lynam, without the appellant's knowledge or consent, had surrendered the original note of Ezekiel W. Morgan, payable to the appellant, and had caused another note, in lieu of the note so surrendered, to be executed, payable to himself.   It was alleged, however, that, long before the execution of the note in suit, said money (meaning, we suppose, the money due on said note of Ezekiel W. Morgan to the appellant,) was placed in the hands of her deceased husband, Thomas Lynam, to be by him invested in real estate, in her name and for her use; that, in pursuance of said purpose and at her request, the said Thomas Lynam, on some day, which is not mentioned, caused and procured his son-in-law and daughter to execute and deliver to the appellant a deed of conveyance of a certain half acre of land, particularly

described, of the value of one thousand dollars; and that the appellant accepted said deed, and still held said land, in full satisfaction and payment for her said separate property. It was not alleged, that the appellant had ever endorsed, or in any way transferred, her note against Ezekiel W. Morgan to said Thomas Lynam; but the inference is, that the note was paid to the appellant, and that she placed the money in her husband's hands, although this was not averred, to be invested in real estate, in her name and for her use. The date of this transaction was not alleged in the answer, and we suppose that it was intended that the copy of the deed which was made part of the answer should supply the date; but the copy of the deed is not set out in the record, and we must therefore presume that it was never filed. In our opinion, the court below erred in overruling the appellant's demurrer to the second paragraph of the appellees' answer.

2. The second error assigned by the appellant was the overruling of her motion to have the opening and close of the trial of this cause. This motion, and the decision of the court below thereon, were not made part of the record of this cause, as we think they ought to have been, by a bill of exceptions. As, however, there must be another trial of this cause in the court below, and as the appellees' counsel, in their argument of this cause in this court, have not objected to this assignment of error for the want of a bill of exceptions, we think that we may properly express our opinion upon the question thereby presented. The rule is well settled in civil cases, both by the provisions of the code and the decisions of this court, that the party upon whom the burden of proof rests is entitled to open and close the case on the trial thereof. 2 R. S. 1876, p. 166, sec. 324; *Gaul* v. *Fleming*, 10 Ind. 253; *Hamlyn* v. *Nesbit*, 37 Ind. 284; and *Camp* v. *Brown*, 48 Ind. 575. Under this rule as applied to the controversy between the appellant and the other parties to this action, it seems very clear to us, that the appellant had the

undoubted right to open and close the trial of this cause. She was not a party to the original complaint, or to any issues joined thereon. She was the sole plaintiff in her cause of action, and upon her rested the entire burden of proof as to all issues to which she was a party, joined on her complaint or cross-complaint. In our opinion the court below erred in overruling her motion to have the opening and close of the trial of this cause.

3. The third error assigned by the appellant was the decision of the court below in excluding the testimony of William C. Morgan and Ezekiel W. Morgan, competent witnesses for, and sworn and offered by, the appellant. This was simply an error of law occurring at the trial, and was therefore a proper cause for a new trial, in the appellant's motion therefor addressed to the court below. It is not properly assigned as an independent error in this court; but, as it was assigned as a cause for a new trial in appellant's motion therefor in the court below, and as the appellant has assigned as error the overruling of her motion for a new trial, we will consider now, in this connection, the alleged error of the court in the exclusion of said offered testimony. As we have already seen, so far as the appellant was concerned, she was a party to no other suit, and really had no other suit to try, in the court below, except her own suit, in which she was the sole plaintiff, and in and to which all the parties to the original complaint, both the plaintiffs and the defendants, had been made defendants. So far as the appellant is or may be concerned, therefore, every question that has arisen, or may arise, in the progress of this cause, in relation to the competency or incompetency of witnesses, must be considered and decided precisely as if she were, as she was in fact, the only plaintiff in her action, and all the parties to the original complaint were, as they were in fact, parties defendants in and to her action. Regarding the question of the competency or incompetency of the defendants, the Morgans, as witnesses in the appellant's behalf, in this

light, and it can not be properly regarded, we think, in any other light, it is very clear to our minds, that, in the trial of the issues joined on her complaint or cross-complaint, the appellant had an undoubted right to call any of the defendants to her complaint, as witnesses in her behalf, and to require and compel them, if necessary, to testify in relation to any of the material averments in her complaint; that far forth, in our opinion, it is clear and unquestionable that the said William C. Morgan and Ezekiel W. Morgan, as defendants to her complaint and cause of action, were competent witnesses in the appellant's behalf, when called by her, to testify as to any matter alleged in her complaint, and the mere fact that they were also defendants in another complaint in the same action, to which complaint the appellant was not a party, would not, we think, make them incompetent witnesses in her behalf, on the trial of the issues joined on her complaint. This conclusion is fully supported, as it seems to us, by a fair construction of the provisions of "An act defining who shall be competent witnesses," etc., approved March 11th, 1867. 2 R. S. 1876, p. 132, *et seq.* We therefore hold, that the court below erred in rejecting or excluding the testimony of the said Morgans, and each of them, when sworn and offered by the appellant, as witnesses in her behalf, on the trial of her cause.

4. The fourth error assigned by the appellant was the decision of the court below in admitting the testimony of Mrs. Eliza H. Buckner, the wife of one of the plaintiffs in the original complaint. It appears, by a bill of exceptions which is properly in the record, that, on the trial of the issues joined on the appellant's complaint and the answer thereto by George W. Buckner and another, administrators, etc., the plaintiffs in the original complaint, the latter, to sustain the issues in their behalf, introduced Mrs. Eliza H. Buckner, the wife of said George W. Buckner, as a witness in their behalf; that the appellant objected to said Eliza H. Buckner as a witness on

such trial, upon the ground that she was the wife of said George W. Buckner, and therefore was not a competent witness for him and his co-plaintiff in the original complaint; but the court below overruled the appellant's objection and permitted the said Eliza H. Buckner to testify at length in support of said issues, to which decision of the court the appellant excepted.

It seems to us that this error was well assigned.

In section 2 of the act of March 11th, 1867, before referred to, defining who shall be competent witnesses, etc., it is provided, among other things, that "Husband and wife as to matters for or against each other,   *   *   * shall not in any case be competent witnesses." 2 R. S. 1876, pp. 133 and 134.

There are exceptions, stated in the statute, to this general rule of law, but the case now before us does not come within either the letter or the spirit of any of the exceptions stated. The fact that some exceptions are stated in the statute, by the ordinary rule of construction in such cases, excludes all other exceptions to the general rule, except those specified. There is no exception in the statute in favor of a case like this, where the husband is a party to the action, in his fiduciary or representative character, which would make his wife a competent witness, either for or against him, in such character. This fourth error was merely error of law occurring at the trial, and was therefore a proper cause for a new trial in the appellant's motion therefor, addressed to the court below, and was not properly assigned in this court as an independent error. As it was assigned as cause for a new trial, in the appellant's motion therefor, and as the overruling of this motion has been assigned by the appellant as error, we have considered the question of the admission of Mrs. Buckner's testimony in this connection.

In our opinion, the court below erred in overruling the appellant's objection to the competency of Mrs. Buckner

as a witness, and in the admission of her testimony on the trial of this cause.

5. The fifth and last error assigned by the appellant is the overruling of her motion for a new trial by the court below. We have already considered and decided the several questions presented by this error as errors of law occurring at the trial, and excepted to and assigned as causes for a new trial of this action.

In our opinion, for the reasons heretofore given, the court below erred in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the appellant's demurrer to the second paragraph of the appellees' answer, and for further proceedings in accordance with this opinion.