## NIEHAUS *v.* COOPER, ADMINISTRATOR.

[No. 2,705. Filed Feb. 3, 1899. Rehearing denied June 29, 1899.]

EXECUTORS AND ADMINISTRATORS.—*Action for Conversion—Decedents' Estates.*—A complaint by an administrator of the estate of a life tenant under her husband's will against an heir of testator for the conversion of property belonging to the life tenant is not bad for failing to allege that the estate of testator had been settled and the debts paid. *pp. 611, 612.*

SAME.— *Life Tenant.— Conversion.— Parties.— Decedents' Estates.*— The administrator of a life tenant under her husband's will is entitled to the recovery of property of intestate converted by another to his own use. *pp. 612-616.*

WITNESSES.—*Husband and Wife.*—Under the provisions of section 501 Horner 1897, when the husband is a party to an action, and is not a competent witness in his own behalf, the wife is also excluded. *p. 616.*

DECEDENTS' ESTATES.—*Claims.—Board of Decedent.*—Where decedent resided with her son as a member of his family, without any agreement or expectation that he was to be compensated by her, for her board and care, he cannot recover therefor against her estate. *pp. 616, 617.*

From the Vanderburgh Superior Court. *Affirmed.*

Niehaus *v.* Cooper, Adm.

*S. R. Hornbrook* and *W. M. Wheeler*, for appellant.
*F. B. Posey* and *D. Q. Chappel*, for appellee.

WILEY, J.—Appellee, as the administrator of the estate of Catherine Niehaus, deceased, was plaintiff below. The complaint was in four paragraphs. The first charged appellant with conversion of money and property belonging to the decedent to his own use. The second paragraph proceeds upon the theory to recover for money and property which came into appellant's possession as the agent of decedent. The third paragraph seeks to charge appellant as executor *de son tort*. The fourth is upon a promissory note.

Briefly stated, the first paragraph alleges that one John Niehaus died testate December 25, 1880; that at the time of his death he was the owner of both real and personal property; that, by his will, he devised to his wife, Catherine Niehaus, all of his property during her life, and at her death it was to go in equal portions to his children and grandchildren; that appellant was one of the children of said John Niehaus; that said will was duly admitted to probate; that said Catherine elected to take under the will; that by said will appellant was nominated as executor, but never qualified as such; that at the death of the said John, said Catherine was the owner of, and entitled to the possession of, all' the property left to her by said will; that, immediately after the death of said John, said appellant took charge of all of said property, used, managed, and controlled the same, all without any right or authority from said Catherine; that he continued to use, manage, rent, and control said property; that all of said personal property and the rents and profits of the real estate were wrongfully and unlawfully appropriated and converted to his own use and benefit, and without the knowledge or consent of said Catherine; that the said Catherine died intestate April 26, 1895; that appellee was duly appointed as administrator of her estate, and qualified as such; that no part of the property so converted by appellant has been returned either to said Cather-

ine or her administrator, and that a demand has been made upon him for the return thereof. Accompanying this paragraph is a bill of particulars, setting out the property and money charged to have been converted. Appellant demurred to this paragraph of complaint, which was overruled, and such ruling is one of the errors assigned. Appellant says that this paragraph is not good, because it does not aver that the estate of the said John Niehaus had been settled, and his debts paid. In support of this contention, we are cited to *Crist* v. *Crist*, 1 Ind. 570, 50 Am. Dec. 481, and *Leach, Ex.,* v. *Prebster*, 35 Ind. 415. We have examined these cases, but they lend no aid to appellant's position. Appellant has not pointed out any infirmity to the paragraph we are now considering, and we are unable to see any. There was no error in overruling the demurrer.

Appellant's answer was in six paragraphs; the first, second, and third pleaded the statute of limitations to the first, second and third paragraphs of the complaint; the fourth was a general denial; the fifth payment, and the sixth set-off. To the fourth paragraph of complaint appellee filed an answer of *non est factum*. To these affirmative answers appellee replied by general denial. As no question is raised as to the second, third, and fourth paragraphs of complaint, we do not deem it necessary to refer to them in detail. The cause was tried by the court, and at request of appellant the court made a special finding of facts and stated its conclusions of law thereon. In so far as the facts found are essential to the decision of the case, they are as follows: That appellee is the administrator of the estate of Catherine Niehaus; that decedent died intestate April 26, 1895; that said Catherine was the wife and widow of John Niehaus, who died testate December 25, 1880; that at the time of his death the said John was the owner of certain property, real and personal; that he left surviving him the said Catherine, three sons, one daughter, and two grandchildren, who were children of one of said John's sons, who died before him; that, by his will, he devised to said Catherine a life estate in all his property,

both real and personal, with power to sell and dispose of the personal property, and the remainder in five portions to his surviving children and grandchildren; that by said will appellant was nominated executor, but did not qualify; that said will was probated, and thereafter remained in full force; that said Catherine elected to take under the will; that, upon the death of the said John, appellant took possession and charge of the estate, both real and personal, for the said Catherine, managed and controlled the same for her until March 1, 1887; that he collected divers sums of money, and expended money in her behalf; that on said 1st day of March, 1887, the said John and Catherine had a full and complete settlement of all matters between them; that there was found due her from him $120, which he then paid her; that on or about March 16, 1887, the said Catherine leased to said John certain real estate for three years, for the agreed rental of $25 per year; that during said lease said John agreed to pay all taxes, etc., on said real estate, and keep the dwelling house in repair; that on said day appellant went into possession of the real estate so leased, and remained in possession until the death of said Catherine; that in March, 1887, the said Catherine entered into an agreement with the remainder-men that they should go into the possession of their several tracts of real estate and that they were to pay to her $25 each per annum, pay insurance, taxes, etc.; that subsequent to March, 1887, the said Catherine lived with appellant and a Mrs. Kirkpatrick, her daughter, in their respective homes; that from November 15, 1891, up to the date of her death, she resided with appellant as a member of his family, and upon the real estate leased to him; that on the 17th day of August, 1885, appellant obtained possession of $300 belonging to the said Catherine; that on July 20, 1889, he obtained an additional sum of $300 belonging to her, and deposited the same, being $600, in a bank, in the name of "C. Niehaus," under an agreement with the bank that said appellant should have exclusive control of said

money; that on August 6, 1892, appellant assumed exclusive control of said sum of money to the exclusion of said Catherine, and converted the same to his own use; that on September 1, 1890, appellant obtained and had possession of $50 in cash belonging to said Catherine, which had been sent to her as rent, and converted the same to his own use; that in the years 1891, 1892, 1893, and 1894, appellant also came into the possession of the sum of $200, which had been paid to him for the said Catherine, which he converted to his own use; that for funeral expenses and medical attention, and as a donation to a church, appellant paid out on account of the said Catherine the sum of $88, and that such payments were made in good faith and for the benefit of her; that for five years immediately preceding her death the said Catherine was infirm in body and mind; that for two and a half years she required almost constant attention, and was unable to perform any services for herself; that appellant and his family gave her all needed attention while she resided with him, and that such services were worth $600; that while she was living with appellant, as a member of his family, he being her son, there was no agreement or expectation that she was to pay for any board, care, or attention furnished her by appellant or his family; that there was no administration of the estate of the said John Niehaus, appellant failing to qualify as executor; that the evidence does not show that the said John left any indebtedness or claims against his estate; that appellant signed the note sued on in the fourth paragraph of complaint, but that the same was never delivered to the said Catherine, and she had no knowledge of it; that said note was made under an agreement between Mrs. Kirkpatrick, his sister, and himself; that said note was signed as an evidence of a debt appellant then owed the said Catherine, for the amount of said note; that the said Mrs. Kirkpatrick had no authority to act for the said Catherine in said matter; that before the action was commenced a demand was made upon appellant to pay over to appellee the amount he owed

the said estate; that all debts or claims against the estate of said Catherine have been paid, and that by the unlawful conversion of said sums of money, appellee has been damaged in the sum of $863.80.

Upon the foregoing facts the court stated six conclusions of law, but they may all be properly considered under the sixth, which is: "That the plaintiff ought to recover of and from the defendant the sum of $863 80-100 and his costs," etc. The appellant excepted to each conclusion of law, and moved the court for judgment on the special findings of facts. This motion the court overruled. Appellant also moved for a new trial, and this motion was overruled.

The assignment of errors, other than above referred to, challenges each conclusion of law, the overruling of the motion for a new trial, and in overruling appellant's motion for judgment. Appellant insists that as to some of the facts the evidence does not warrant such findings. After a close examination of the record, we find that there is evidence upon which the court could have found every fact stated. To put it differently, there is evidence to support every fact found by the court. This being true, we cannot disturb the judgment, on the evidence. The real question for us to determine is, "Did appellant convert to his own use the money of his mother?" If he did so unlawfully convert it, the administrator of her estate is the person entitled to recover it from him. He is her representative. The facts found by the court show beyond any question of doubt that he did convert to his own use several sums of money, which said sums, after deducting all credits to which he was entitled, together with the interest thereon, aggregated the amount the court found was due from him, and for which judgment was rendered. In regard to the $600, which was deposited in bank in the name of "C. Neihaus," Mrs. Kirkpatrick testified that in 1890 her mother had a certificate of deposit for $600; that appellant took it to get the interest on it; that her mother afterwards gave her the certificate to keep, and directed her

not to give it to appellant; that subsequently he snatched it from her, and afterwards told her that he had gotten the money and spent it. The cashier of the bank testified that the bank gave a certificate of deposit for $600 in the name of "C. Neihaus," and that appellant told him that it was his mother's money. But we need not say more about the evidence, for, as we have seen, the findings are fully supported by the evidence. Under the facts found, the court very properly stated its conclusions of law, and rendered judgment against appellant.

In his motion for a new trial, appellant assigned as one of the reasons therefor that the court erred in excluding certain evidence offered. Appellant had his wife called as a witness, and offered to prove by her that in 1882 she gave him $300 in money, and that he deposited it for her in a bank, etc. Upon objection, the court refused to permit her to testify. Such refusal was not error. It is not contended that appellant was a competent witness, and by the plain provision of section 501 Horner 1897, he being incompetent, she was likewise incompetent. The provision of the statute is that "when the husband or wife is a party, and not a competent witness in his or her own behalf, the other shall also be excluded." Here the husband (appellant) was a party, and was incompetent under sections 498 and 499 Horner 1897. So it follows that she was incompetent. The courts have frequently construed these statutes, and of the many cases, we cite the following: *Lynam* v. *Buckner*, 60 Ind. 402; *Crighton* v. *Hoppis* 99 Ind. 369; *Scherer* v. *Ingerman*, 110 Ind. 428.

Appellant urges that, as the court found that the services rendered by him and his family in boarding and caring for his mother were worth $600, he is entitled to a credit for that sum. We do not so understand the law. It is found that the decedent resided with appellant as a member of his family, and that there was no agreement or expectation that he was to be compensated by her. Under these facts, there

is no liability for such services, and the question is so firmly settled in this State that further comment is unnecessary. See *Story* v. *Story*, 1 Ind. App. 284; *McCormick* v. *Mc-Cormick*, 1 Ind. App. 594; *Puterbaugh* v. *Puterbaugh*, 7 Ind. App. 280; *Fuller* v. *Fuller's Estate*, 21 Ind. App. 42. In his motion for a new trial, appellant assigned as one of the causes, that he was taken by surprise as to certain matters therein specified. This reason, in his motion for a new trial, he supported by affidavits. After carefully considering the matters thus presented, we are clearly of the opinion that the trial court did not abuse its discretion in overruling the motion for that cause.

Looking at the entire record, it seems to us that a correct conclusion was reached, and that there is no error in the record for which a reversal should be ordered. Judgment affirmed.