PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. WILLIAMSON ET AL.

[No. 10,232. Filed May 27, 1919. Rehearing denied October 31, 1919. Transfer denied November 12, 1920.]

1. APPEAL.— *Review.*— *Injunction.*— *Dissolving Restraining Order Pending Applications for Change of Venue and Judge.*— *Motion for New Trial.*—Action of the court dissolving a restraining order pending plaintiff's applications for a change of venue and for a change of judge, if erroneous, cannot be presented except as a cause for a new trial. p. 108.

2. DRAINS.—*Proceedings in Circuit Court.*—*Relief to Landowners.*—*Contempt.*—The contractors constructing a catch-basin in a ditch proceeding in the circuit court were under the direction and control of that court, and any landowner who felt aggrieved might there apply for relief, and as §6147 Burns 1914, Acts 1907 p. 508, provides that the commissioner appointed to construct a drain shall be under the control and direction of the court and shall obey such directions, a remonstrant could have had the contractors and commissioner cited for contempt for disobeying the order of the court for the construction of the ditch. p. 110.

3. COURTS.—*Jurisdiction.*—*Drains.*—*Injunction.*—Where proceedings to which plaintiff was a party, were pending in the circuit court, wherein a drain and terminus had been established and ordered constructed, under the supervision of a drainage commissioner, and a contract awarded therefor, courts of equal rank have no jurisdiction to enjoin such construction where the court in which the drainage proceeding was pending had ample power to afford all the relief to which plaintiff was entitled. p. 110.

From Wabash Circuit Court; *Nelson G. Hunter,* Judge.

Action by the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company against George Williamson and

others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*George E. Ross,* for appellant.

*St. John, Charles & Gemmill* and *Switzer & Bent,* for appellees.

McMAHAN, J.—This action was commenced in the Grant Superior Court to enjoin the appellees from constructing a catch-basin upon appellant's right of way. A temporary restraining order was granted and, before the day set for a hearing on the application for a temporary injunction, appellant filed an affidavit for a change of venue from the county and also one for a change of judge. The court, without ruling upon either of said applications, and over the objection of appellant, made an entry dissolving the temporary restraining order, and then sustained the motion for a change of venue and sent the cause to the Wabash Circuit Court. After the temporary restraining order was dissolved the appellees constructed the catch-basin and appellant filed a supplemental complaint asking for a mandatory injunction requiring that appellees remove the catch-basin.. Appellants filed a motion in the Wabash Circuit Court for an order to require the appellees to show cause why they should not be cited for contempt. This motion was overruled and exception saved. The appellees filed an answer of general denial to both the complaint and the supplemental complaint. A second paragraph of answer was also filed to the supplemental complaint and alleged that proceedings had been commenced in the Grant Circuit Court for the reconstruction of a certain public ditch; that appellants appeared and filed a remonstrance in said ditch proceedings; that such further proceedings were had in such matter as resulted in said ditch being ordered established, and that the report of the commissioners in said proceedings as approved by

the court required the construction of the catch-basin at the point where it had been constructed; that appellee Murphy was the drainage commissioner appointed by the court to construct said ditch, and that the other appellees were contractors to whom the contract for the construction of said ditch had been let. That after the temporary restraining order had been dissolved they proceeded to and did construct the catch-basin mentioned in the supplemental complaint in accordance with the plans and specifications for said ditch; that the ditch including the catch-basin had been fully completed and had been reported to and approved by the Grant Circuit Court. Appellant's demurrer to the second paragraph of the answer to the supplemental complaint was overruled and exception saved.

The cause was submitted to the court for trial and, after hearing the evidence, the court, on the motion of appellees, dismissed the cause for want of jurisdiction, to which appellant excepted. Judgment was rendered dismissing the cause and against appellant for costs. The evidence is in the record by a bill of exceptions.

The appellant's assignment of errors Nos. 1, 2, 3, 4 and 5 relate to the action of the Grant Superior Court in dissolving the temporary restraining order pending the applications for change of judge and for change of venue from the county; No. 6 relates to the overruling of the motion to require appellees to show cause, No. 7 to the overruling of the demurrer to the second paragraph of answers to supplemental complaint; Nos. 8 and 9 are that the court erred in sustaining the motion to dismiss and in dismissing the cause.

Appellant complains of the action of the Grant Superior Court in retaining jurisdiction and dissolving the temporary restraining order after the affidavits had been filed for a change of judge and for a change of venue from the county. It is the con-

tention of the appellant that, after the applications were filed, the Grant Superior Court had no power to do any act except to order the change, and that it was error to dissolve the restraining order pending said applications. The action of the court, if erroneous, cannot be presented except as a cause for a new trial. *Scanlin* v. *Stewart* (1894), 138 Ind. 574, 37 N. E. 401, 38 N. E. 401.

The appellant contends that the Wabash Circuit Court erred in dismissing the cause.

The facts, as shown by the evidence, are substantially as follows: The catch-basin, the construction of which appellant was seeking to enjoin, was the outlet and terminus of a public drain known as the reconstruction of the Marsh ditch, which had been established and ordered constructed by the circuit court of Grant county, under the supervision of the appellee Murphy, drainage commissioner. The appellees Williamson and Williamson were the contractors, who had been awarded the contract to construct said drain according to the plans and specifications therefor, and were proceeding to put in the catch-basin at the point where they claimed it was required by the report and the plans and specifications of the drainage commissioners as approved by the court. Said drainage proceeding was pending when the complaint in this action was filed and was still pending when the court dismissed this cause. The appellant was a party to said drainage proceeding. There was a conflict as to whether the appellees were constructing the catch-basin at the point where the report of the drainage commissioners required it to be constructed. The appellees claimed that it was being so constructed, while the appellant contended that it was being constructed at a different place.

The appellees in constructing the catch-basin were under the direction and control of the Grant Circuit

Court and any landowner who felt aggrieved might apply to that court for relief. *Racer* v. *State* (1892), 131 Ind. 393, 31 N. E. 81.

Section 6147 Burns 1914, Acts 1907 p. 508, §7, provides that the commissioner appointed to construct a drain "shall at all times be under the control and direction of the court, and shall obey such directions." If the construction commissioner and the contractors were not doing the work according to the plans and specifications, the appellant could have had them cited for contempt for disobeying the order made by the court for the construction of the ditch. *Racer* v. *State, supra.*

The trial court, after hearing the evidence, dismissed the cause on the theory that no court except the Grant Circuit Court had jurisdiction to hear and determine the matter. The case of *Karr* v. *Board, etc.* (1908), 170 Ind. 571, 85 N. E. 1, is decisive of the question involved. The court there had under consideration the question as to whether an injunction could be maintained in the Putnam Circuit Court to prevent the removal of a bridge by a drainage commissioner who was acting under appointment of the Morgan Circuit Court. The drain had been ordered established by the Morgan Circuit Court and extended into Putnam county. The court in that case said: "There can be no doubt of the right of the Morgan Circuit Court to order and to complete the construction of a drain extending into Putnam county. * * * Section seven of the act of 1885, concerning drainage * * *, provides that the drainage commissioner shall at all times be under the control and direction of the court, and shall obey its directions, * * * It may further be said that both the commissioner and the contractor are agencies or arms of the court, and it is a necessary incident of the authority to construct drains that both shall be under the jurisdiction, and subject to contempt

for a disobedience, of the *ad interim* orders of the court or of the judge thereof in vacation. See *Racer* v. *Wingate* (1894), 138 Ind. 114, 119. It is against the policy of the law to permit a situation to arise wherein there may be an unseemly conflict of jurisdiction between courts of equal rank in the determination of the question as to the extent or proper exercise of the authority of the court which first assumed jurisdiction over the subject-matter (*Scott* v. *Runner* [1896], 146 Ind. 12, 58 Am. St. 345) and, besides, it is inequitable that in a drainage proceeding, wherein jurisdiction may be extended over all persons by supplemental petition (§5629 Burns 1901, Acts 1885 p. 129, §8; §6148 Burns 1908, Acts 1907 p. 508, §8; *Osborn* v. *Maxinkuckee, etc., Co.* [1900], 154 Ind. 101), a landowner should be permitted to arrest the proceedings by injunction in another court, while refusing to submit himself to the jurisdiction of the court which not only has authority over the construction of the drain, but which has power to make all orders which are met in the premises. There is no question concerning the right of any party whose lands are affected by a drainage proceeding (using the expression in the sense in which the statute uses it) to file a petition therein to be made a party during the progress of the work. (*Zumbro* v. *Parnin* [1895], 141 Ind. 430; *Cambria Iron Co.* v. *Union Trust Co.* [1900], 154 Ind. 291, 48 L. R. A. 41); and, upon the filing of such petition, it is the right and duty of the court or judge to protect such landowner's interest as the circumstances may require. This brings him within the jurisdiction of the court, and, as it affords adequate means of relief, the remedy by injunction in another county is precluded." See, also, *Studebaker* v. *Studebaker* (1899), 152 Ind. 89, 51 N. E. 933; *Marchant* v. *Olson* (1915), 184 Ind. 17, 110 N. E. 200; *Coleman* v. *Callon* (1916), 184 Ind. 204, 110 N. E. 979.

Our judgment is that the Grant Circuit Court had ample power to afford all the relief to which appellant was entitled without coming in conflict with any other court of equal power, and that neither the Grant Superior Court nor the Wabash Circuit Court had jurisdiction in this cause, and that the latter court committed no error in dismissing the complaint. This being true, no available errors are presented by the other assignment of errors. Judgment affirmed.