INSKEEP ET AL. *v.* STATE OF INDIANA, EX REL. NEES
ET AL.

[No. 24,867.   Filed October 5, 1926.]

1. PARTIES.—A petition to be allowed to intervene need not be as formal as a complaint or answer.   p. 228.

2. HIGHWAYS.—*Objections to issuing bonds must have been filed within fifteen days after order made to give State Tax Commissioners jurisdiction on appeal.*—Under Acts 1921 p. 638, §4, §10139t7 Burns' Supp. 1921, prior to amendment by Acts 1923, p. 264, §14240 Burns 1926, taxpayers objecting to an issue of bonds for the construction of a highway were required to file their objections with the county auditor within fifteen days after the county commissioners determined to issue such bonds, to give the State Board of Tax Commissioners jurisdiction on appeal.   p. 228.

3. APPEAL.—*Refusal to grant petition to intervene was harmless error where Supreme Court decided adversely to interveners' contention.*—Ruling of the trial court on petition to intervene, though erroneous, was not prejudicial where the Supreme Court subsequently decided adversely to contention on which interveners' petition was based.   p. 229.

From White Circuit Court; *Benjamin F. Carr,* Judge.

Action of mandate on the relation of William J. Nees and another against the Board of Commissioners of White county and others, in which George T. Inskeep and others filed a petition to be allowed to intervene. From a ruling of the court denying the petition, the petitioners appeal. *Affirmed.*

*Pollard, Cartwright & Wason,* for appellants.

*Clarence R. Cowger, George W. Kassabaum* and *Ralph C. McClurg,* for appellees.

MYERS, C. J.—Relators, Nees and Brown, brought this action against the auditor, treasurer and board of commissioners of White county to compel them to issue and sell $78,000 of bonds for the construction of a certain road in Union township, White county.

From the complaint it appears that relators had entered into a contract with the proper authorities for the improvement of a certain public highway in Union township, and had executed their bond for the faithful performance of the work; that on February 6, 1923, the board of commissioners entered an order of their intention to issue bonds aggregating $78,000 to pay for such improvement, and on February 15 and 22 gave notice by publication in one newspaper, and on the 16 and 23 in another newspaper, both published in the county and representing the two leading political parties of their intention so to do. On March 9, 1923, appellant Inskeep and more than ten other taxpayers of Union township filed with the auditor a petition objecting to the issue of the proposed bonds, which petition was, by the auditor of White county, certified to the State Board of Tax Commissioners, and such proceedings were thereafter had resulting in an order, March 27, 1923, by the state board disapproving the

issue of these bonds. Thereupon, the auditor, treasurer and board of commissioners, upon demand of relators, refused to issue the bonds. Relators then commenced this action. A demurrer to the complaint for want of facts was overruled on the theory that objections to the issue of such bonds were not filed within the fifteen day limit provided by law after the determination by the municipal corporation to issue them, and hence the jurisdiction of the state board was never invoked and its action was therefore void. An answer challenging the jurisdiction of the court was then filed, and a demurrer thereto sustained. Thereupon, the board of commissioners notified the attorneys theretofore employed by these appellants, by and with the consent of the commissioners, to assist the county attorney in defending the action brought by relators, that they would no longer permit them to appear of record as attorneys for the defendants. These attorneys then withdrew their appearance for the county officers, who were the sole defendants, and immediately, on behalf of these taxpaying appellants who also represented more than eighty other taxpayers of Union township, filed a petition for leave to intervene and be made parties to the action so that they might appeal from any adverse decision of the trial court. This petition exhibited facts showing want of interest by the then defendants in the action other than as county officers, and of their disposition not to make a good faith defense and of their intention to abide the ruling of the trial court. The petition also stated the facts showing petitioners' interest in the controversy and their right to intervene, together with an answer upon which they relied to show facts constituting a defense to relators' action. This answer brought to the attention of the trial court practically the same facts theretofore submitted to the court, to which a demurrer had been sustained. It pro-

ceeded upon the theory that the objection to the issue of bonds or other evidence of indebtedness on the part of Union township, if filed with the auditor within twenty-nine days after the determination to issue, in this case, bonds, was in time, pursuant to the notice given by the municipality and in compliance with §4, Acts 1921 p. 642; that this statute had been so construed by Attorney-General Lesh in 1922, and by the board of tax commissioners, as evidenced by Rules 10 and 12 promulgated by that board.

The court refused to strike from the files the counter-affidavit of the county attorney and two members of the board of commissioners historically reviewing this litigation, and denying that they had asserted they would not appeal from the adverse rulings of the trial court.

The pleadings in this case are voluminous, but in view of our conclusion, it is only necessary that we refer to them generally.

The court refused to permit petitioners to intervene and adjudged the costs occasioned by the petition against them. From the judgment thus entered, they prosecuted this appeal and assigned as errors the refusal of the court to permit appellants to intervene, and error of the court in refusing to strike out the affidavit of the county attorney and the two commissioners.

The second error here assigned is not important. Referring to the first error, the ruling of the court rested upon the theory that the petition disclosed that no objections to the issuance of the bonds had been interposed by ten or more taxpayers, other than those who pay poll tax only, by petition filed in the office of the county auditor within fifteen days after the issue of bonds had been determined upon.

Without expressing any opinion on the showing exhibited by the record as to what the board of county

commissioners intended to do in the way of appealing from the ruling of the trial court, it must be admitted that, from all the circumstances appearing at the time these appellants sought to intervene, there were some acts of the board from which reasonable persons might have drawn the conclusion that the commissioners intended to abide the decision of that court.

Generally speaking, the better practice, upon the interest shown by these petitioners, would have admitted them to intervene, for the reason that such a petition need not be as formal as a complaint or answer, and because of the construction which had been placed upon the statute which governed the controversy by the attorney-general and the tax board. *Cambria Iron Co.* v. *Union Trust Co.* (1899), 154 Ind. 291, 55 N. E. 745, 56 N. E. 665, 48 L. R. A. 41; *Town of Woodruff Place* v. *Gorman* (1912), 179 Ind. 1, 100 N. E. 296; *Rayl* v. *Kirby* (1913), 180 Ind. 553, 563, 102 N. E. 136, 103 N. E. 440; *Pittsburgh, etc., R. Co.* v. *Williamson* (1919), 74 Ind. App. 106, 111, 123 N. E. 478.

It must be conceded that the language of §4, *supra,* was not clear as to the time therein allowed taxpayers for filing a petition objecting to the issue of bonds. However, from former rulings of the trial court, it was apparent that a different construction would be placed upon the statute than that followed by the tax board, and hence the petition was so framed as to present the vital question. The Supreme Court at that time had not construed §4, *supra,* and this is what the objecting taxpayers sought to have done. True, their interests would be affected by the litigation, and although they might properly have been made parties, yet were they harmed by the court's ruling? Since then, and after the instant case was appealed, this court, in the case of *State, ex rel., Freeland*

v. *Evans, Treas.* (1926), 197 Ind. 656, 150 N. E. 788, in effect, considered the same question here presented by the intervening petition and held that under the provisions of §4, *supra,* objecting petitioners, as here, must file their petition within fifteen days from the date the municipal corporation determines to issue bonds or other evidence of indebtedness. We have reexamined our ruling in the Freeland case and find no reason to change it. It must be kept in mind that this case is ruled by the act of 1921, and not by the amended act of 1923.

The right of these appellants to intervene was made to depend upon the facts disclosed by their petition and answer, which the trial court, from its ruling, regarded insufficient. This ruling is in line with the ruling made by this court in the Freeland case, and therefore it cannot be regarded as reversible error, even though the circumstances surrounding the case at that time might have justified the trial court in granting the petition.

Judgment affirmed.