GERDENICH, ADMINISTRATRIX *v.* GOSS ET

[No. 17,286. Filed April 26, 1945.]

*Edward J. Fillenwarth,* of Indianapolis, for appellant.

*Charles D. Babcock, Alexander Belle, Gideon W. Blain, Robert Hollowell, Jr., and Leon J. Mills,* all of Indianapolis, for appellees.

HAMILTON, J.—This is an appeal from a judgment of the Probate Court of Marion County, Indiana, entered April 24, 1944, denying appellant's petition to intervene in a certain cause pending upon the civil docket of said court, entitled Ethel Goss v. Laslo Darko et al.

The facts giving rise to this litigation may be briefly stated as follows:

One Alex S. Darko died on November 25, 1943, a resident of Marion County, Indiana. At the time of, and prior to, his death he had been engaged in operating and carrying on a dry cleaning business in Marion County and under the name and style of Darko & Sons. On January 14, 1944, Margaret Gerdenich, appellant herein, and a daughter of Alex S. Darko, applied for and was granted letters of administration upon the estate of said Alex S. Darko by the Probate Court of Marion County, Indiana. Thereafter, on January 25, 1944, one Ethel Goss, another daughter of said Alex S. Darko and one of the appellees herein, filed a verified petition in the estate of Alex S. Darko, deceased, pending in said court, naming as defendants therein Laslo Darko, Samuel Darko, Louis Darko, and Charles Darko, and asking for the appointment of a receiver. This petition alleged that Alex S. Darko died November 25, 1943, and at the time of his death was a partner, together with petitioner, Ethel Goss, Laslo Darko, Samuel Darko, Louis Darko, and Charles Darko, his sons, in a dry cleaning

business under the firm name and style of Darko & Sons; that said Alex S. Darko died, leaving as his surviving partners the above-named persons; that more than 60 days had elapsed since the death of the partner Alex S. Darko and the surviving partners had failed to file an inventory and appraisement of the assets of such partnership with the Clerk of the Probate Court of Marion County as provided by statute. The petition further averred that the petitioner was an interested person in the settlement of the partnership and entitled to have a receiver appointed by the court to settle the affairs of the partnership. Upon the filing of said petition a summons was duly issued by the Clerk of the Probate Court of Marion County for, and served upon, the defendants, Laslo Darko, Samuel Darko, Louis Darko, and Charles Darko, returnable February 10, 1944. The record shows that on the same date that the petition for the appointment of a receiver was filed and the summons issued, to wit: January 25, 1944, said defendants named therein appeared in said court and filed a written waiver of notice and consent to the appointment of a receiver, as prayed for in the verified petition. No notice of any kind was given to the appellant of the filing of said petition. Thereupon, on said January 25, 1944, the court, acting upon the verified petition and consent of the defendants, and without hearing any additional evidence to establish the existence of a partnership, and without the presence of the administratrix of the estate of Alex S. Darko, entered an order appointing a receiver for the partnership business of Darko & Sons, and the person so named qualified as such receiver.

Thereafter, on February 24, 1944, the appellant, Margaret Gerdenich, Administratrix of the estate of Alex S. Darko, deceased, filed a petition to intervene in

said proceedings for the appointment of a receiver, which petition, omitting caption and signature, is as follows:

"1. The undersigned would respectfully show to the court that she is the duly appointed, qualified, and acting administratrix of the estate of Alex S. Darko, deceased, under appointment heretofore made by this court on the 14th day of January, 1944, as shown by Estate Docket 128, page 46046, of the records of this court.

"2. That while the undersigned was in the orderly process of gathering together data preparatory to filing an inventory in this estate, and, without any knowledge whatsoever on her part, certain persons, towit: Ethel Goss, Laslo Darko, Samuel Darko, Louis Darko, and Charles Darko, conspired and connived together, and as a result filed on the 25th day of January, 1944, in this court and in this estate, a petition entitled 'Petition for Receiver' with Ethel Goss as petitioner v. Laslo Darko, Samuel Darko, Louis Darko, and Charles Darko; that a copy of said petition is filed herewith, made a part hereof, and marked Exhibit A.

"3. That in furtherance of said conspiracy and connivance by the said persons at the time of the filing of said petition, the said defendants thereto filed a 'Waiver of Notice and Consent' in said proceedings to the appointment of a receiver, a copy of which 'Waiver of Notice and Consent' is filed herewith, made a part hereof, and marked Exhibit B; and, without any notice to the undersigned as administratrix of said estate, and without the introduction of any evidence in support of said petition or any hearing thereon, but upon the purported and untrue facts set out in said petition, and also upon the basis of said 'Waiver of Notice and Consent,' this court relying upon the said petition being verified, appointed at the same time Arthur Fairbanks as receiver of a purported partnership, which did not exist at that time and has never existed either in fact or in law.

"4. That for many years prior to the death of said Alex S. Darko, sometimes designated as Alex

Sander Darko and as Sandor Darko, he was engaged as an individual in the operation of a dry cleaning business in the south part of Indianapolis under the name and style 'Darko & Sons.'

"5. That said business was always operated in the 2600 block on Shelby Street, and for the past several years was operated from 2659 Shelby Street, Indianapolis, Marion County, Indiana.

"6. That there is not in existence any papers, records, tax returns or other information of any kind, public or otherwise, that can be produced to show that there was a partnership in existence between the said decedent and the said persons who are named in the aforementioned petition, and that is the reason for said petition and the said 'Waiver of Notice and Consent' having been filed in the manner in which they were filed before this court on the 25th day of January, 1944, and without any notice to the undersigned as administratrix.

"7. That all papers, records, tax returns, and available information and facts will show and prove that the decedent was not engaged in any partnership, but that he was engaged in the dry cleaning business at said 2659 Shelby Street, Indianapolis, Marion County, Indiana, and owned and operated the same individually as Alex S. Darko and/or Sandor Darko, doing business under the name and style of Darko & Sons.

"8. That the filing of said petition for the appointment of a receiver, the filing of 'Waiver of Notice of Consent,' and the order of this court appointing a receiver was only brought to the attention of the undersigned as a result of a routine investigation of the estate docket in this estate by the attorney for the undersigned, and not through any act or effort on the part of the parties to said petition.

"9. That as soon as the undersigned learned of the appointment of a receiver as heretofore alleged, she filed a verified petition in said estate praying this court to revoke and vacate the said order appointing said receiver and notice was served upon the parties to said proceeding as well as upon the attorney for the petitioner, Ethel Goss, that a

hearing would be held on the petition of the undersigned at 2:00 P. M. on February 25th, 1944. Thereafter a continuance was requested by all the parties in said proceeding, excepting the undersigned, and a continuance was granted by this court to March 3rd, 1944, at 9:30 A. M.

"10. Thereafter, and on or about the 18th day of February, 1944, the said petitioner, Ethel Goss, filed a petition with the court herein to re-docket her said cause of action for the appointment of a receiver in the Civil Docket of this court, and on February 21st, 1944, this court entered an order transferring said cause of action to the Civil Docket of this court, and the said cause has been redocketed under Civil Docket No. 3685.

"11. That the decedent died intestate as shown by the records of this court and left surviving him the following named persons, to-wit: Rosa Darko, widow, Margaret Gerdenich and Ethel Goss, daughters, Laslo Darko, Samuel Darko, Louis Darko, and Charles Darko, sons, as his sole and only heirs at law, and they and each of them are entitled as his heirs to their share of his estate under the laws of descent and distribution of the State of Indiana.

"12. That as heirs at law of said decedent they are entitled to have all of the assets of the decedent, including the said business which he operated at 2659 Shelby Street, Indianapolis, Marion County, Indiana, as an individual under the name and style of Darko & Sons, to be included among the assets of said decedent's estate in the administration thereof.

"13. That if this court will have a hearing on the petition for the appointment of a receiver as filed by said Ethel Goss, and will require evidence to be introduced on the part of those heirs of the decedent who claim there existed a partnership between them and the decedent to the absolute exclusion of the remaining heirs and his estate, this court will find that no such partnership existed and that the order appointing a receiver should be revoked.

"14. That the undersigned, by reason of the facts above stated, is interested in the subject matter of said action and is adversely affected by the order appointing a receiver herein.

"15. That the undersigned is a necessary party herein because she is the administratrix of the estate of decedent and the decedent was not a part of any partnership at the time of his decease, and in view thereof all the assets over which said receiver has control by order of this court should be administered upon by the undersigned as assets of the decedent which he owned in his own and individual right, and not in partnership with anyone.

"16. That the undersigned is not praying to intervene as the representative of a deceased partner in this proceeding but is asking of this court the right to intervene in a purported partnership settlement proceeding wherein a receiver has been appointed to take over assets of a purported partnership and which assets in their entirety belong to the estate of her said decedent.

"WHEREFORE, the undersigned prays that she may be allowed to intervene in said action and may be made a party defendant therein, and may be allowed to defend the same, as the administratrix of the estate of Alex S. Darko, deceased, for and on behalf of the heirs of said decedent and his creditors."

Thereafter, on April 24, 1944, after argument of counsel, and no evidence being introduced, the court entered an order denying appellant's petition to intervene and from said ruling this appeal is prosecuted.

The single error assigned in this court is that the court erred in denying appellant's petition to intervene.

It has been held in numerous decisions by the Supreme Court, as well as this court, that an order denying a petition to intervene is a final judgment, from which an appeal will lie to this court. *Barnard* v. *Kruzan* (1943), 221 Ind. 208, 46 N. E. (2d) 238; *Thayer* v. *Kinder* (1909), 45 Ind. App. 111, 89

N. E. 408; *Northern, etc.* v. *Brown* (1914), 182 Ind. 438, 106 N. E. 706; *Metzger* v. *Hamp* (1927), 86 Ind. App. 214, 156 N. E. 582; *Jesswein* v. *LaSalle State Bank* (1935), 101 Ind. App. 79, 198 N. E. 101.

The petition for the appointment of a receiver was filed pursuant to the provisions of §§ 50-301 to 50-308, Burns' 1933, §§ 13213 to 13220, Baldwin's 1934, inclusive, governing the closing up and settlement of partnership affairs upon the death of one of the partners.

The petition filed by appellee, Ethel Goss, requesting the appointment of a receiver complied with the requirements set forth in § 50-306, Burns' 1933, § 13218, Baldwin's 1934, and was sufficient to confer upon the Probate Court of Marion County jurisdiction to appoint a receiver for the partnership affairs of Darko & Sons, if such partnership existed, and the judge of such court was convinced from the showing made that the partnership business was not being properly settled, or that the assets of such firm were being wasted. The order of the court appointing such receiver was a finding that the necessary jurisdictional facts above mentioned had been established.

It has been held by our Supreme Court that the provisions of the statute above cited and the duties and liabilities of the surviving partner, who undertakes to settle the partnership business under said statute, are similar and analogous to the duties of an administrator. *The State* v. *Matthews* (1891), 129 Ind. 281, 285, 28 N. E. 703; Henry's Probate Law (4th ed.), vol. 1, § 552, p. 705.

It is well settled that, where letters of administration have been improvidently issued to a person not entitled thereto, such letters of administration are not absolutely void, but continue in full force and effect until they are set aside, and the person

appointed continues to be the administrator until his letters are revoked by the court which made the appointment. *State ex rel. Ripa* v. *Lake Superior Court* (1942), 220 Ind. 436, 442, 43 N. E. (2d) 871; *Jones* v. *Bittinger, Admr.* (1887), 110 Ind. 476, 479, 11 N. E. 456; *Pressley* v. *Lamb* (1885), 105 Ind. 171, 189, 4 N. E. 682. Therefore, the appointment of a receiver for the partnership firm of Darko & Sons by the Probate Court of Marion County, Indiana, even though improvidently made, remains in full force and effect until it has been revoked, vacated, or set aside by said court.

Appellant's petition to intervene averred sufficient facts to show that she, as administratrix of the estate of Alex S. Darko, the alleged deceased partner, had a substantial interest in the proceedings in which she sought to intervene, which ordinarily would justify intervention. *Dodd* v. *Reese* (1940), 216 Ind. 449, 24 N. E. (2d) 995; *Inskeep* v. *State ex rel.* (1926), 198 Ind. 224, 153 N. E. 411; *Siegel* v. *Archer* (1937), 212 Ind. 599, 10 N. E. (2d) 626.

In support of the trial court's ruling denying appellant's petition to intervene, appellees insist that at the time appellant filed her petition to intervene, the question of the appointment of .a receiver as liquidating officer of the court for the partnership firm of Darko & Sons had been adjudicated; that receiver had been appointed, qualified, filed an inventory, and had taken possession of the property. Appellees further contend that appellant by the averments in her petition sought to intervene for the sole and only purpose of defending against the appointment of a receiver who. had already been appointed; that she did not seek to set aside the appointment of a receiver or offer to file a petition claiming the property or asking any other relief and therefore the ruling of the trial court was correct.

It is true that one who seeks to intervene in any matter or action, and is granted such permission, takes the action as he finds it and is bound by the record of the case at the time he seeks to intervene. *Universal Credit Co., Inc.*, v. *Collier* (1938), 105 Ind. App. 483, 486, 15 N. E. (2d) 752; *Abelle* v. *Ruse* (1942), 112 Ind. App. 596, 602, 44 N. E. (2d) 235.

It is also well settled that the order of the court appointing a receiver for the alleged partnership firm of Darko & Sons was merely an interlocutory order and did not in any manner adjudicate the question of title or constitute a final determination as to whether or not a partnership actually existed between Alex S. Darko and the appellees herein. Especially is this true as to appellant, who was not a party to the proceedings requesting the appointment of a receiver. *Kist* v. *Coughlin* (1936), 210 Ind. 622, 1 N. E. (2d) 602, 4 N. E. (2d) 533; *Maple* v. *McReynolds* (1935), 208 Ind. 338, 341, 196 N. E. 3; *Stair* v. *Meissel* (1934), 207 Ind. 280, 291, 192 N. E. 453; *Pressley* v. *Harrison* (1884), 102 Ind. 14, 1 N. E. 188.

Appellees insist that in no event was the appellant a necessary, or even a proper, party defendant to the petition filed by appellee Ethel Goss asking for the appointment of a receiver for the alleged partnership of Darko & Sons and cite in support of such contention §§ 50-305 and 50-306, Burns' 1933, §§ 13217 and 13218, Baldwin's Supp. 1934; and the case of *Lynam* v. *Buckner* (1878), 60 Ind. 402. Appellees may be correct in asserting that, under the provisions of § 50-306, Burns' 1933, § 13218, Baldwin's Supp. 1934, the appellant was not a necessary party defendant in the proceedings for the appointment of a receiver for the alleged partnership firm of Darko & Sons. However, this does not mean that she was not a proper party or that she should not

have been given the opportunity to be present, and to participate, if she so desired, in such proceedings. The question decided in the case of *Lynam* v. *Buckner, supra,* was not who were necessary or proper parties, but a question as to who had the burden of proof after the court had permitted a person who was not a party, either plaintiff or defendant in the original complaint, to intervene in said action and file what the Supreme Court held to be an original complaint asking affirmative relief against all of the parties to the original complaint. We do not consider this case as decisive of the question presented in the instant case.

§ 6-901, Burns' 1933, § 3098, Baldwin's 1934, provides as follows:

"Every executor or administrator shall have full power to maintain any suit in any court of competent jurisdiction, in his name as such executor or administrator, for any demand of whatever nature due the decedent in his lifetime, for the recovery of possession of any property of the estate, and for trespass or waste committed on the estate of the decedent in his lifetime; but he shall not be liable, in his individual capacity, for any costs in such suit, and shall have power, at his option, to examine the opposite party, under oath, touching such demand; but evidence thus obtained shall not afterward be used in any prosecution against such party."

We hold that, under the above statute, appellant was entitled to intervene in said receivership proceedings and upon intervention would have the right under said statute to file a petition to vacate and set aside the appointment of the receiver, examine appellees as to the existence of an alleged partnership, or file such other pleadings asking affirmative relief, as the facts and circumstances might warrant or develop. In other words, it was not necessary that

appellant offer to file any pleadings or petitions at the time she filed her petition to intervene. These steps could be taken after she became a party to the proceedings. *State* v. *The Union National Bank, etc.* (1896), 145 Ind. 537, 44 N. E. 585; *Pressley* v. *Harrison, supra.*

We believe that what was said by the Supreme Court in the case of *State ex rel. Tuell* v. *Shelby Circuit Court* (1939), 216 Ind. 231, 23 N. E. (2d) 425, is applicable to the situation presented by the record in this cause. On pages 234 to 237 of 216 Ind. the court says:

"It does not appear that the relatrix herein appeared in the Shelby County Circuit Court in the injunction suit, or filed any answer therein, or in any manner brought to the attention of said Court the fact that the property here in question had been inventoried by Mr. Ash when he was acting administrator of the Tuell estate, and at that time had actual possession of the property as such administrator, and also the fact that petitions had been filed by Mr. Ash as administrator with reference to the operation of said property, or in any other manner brought to the attention of said Court that the Marion Probate Court had the custody of said property. We feel that such a procedure would have been proper. The Shelby County Circuit Court should have had an opportunity to pass upon the question upon presentation of all of the facts. . . .

"Property in the hands of an administrator or an executor is *in Custodia Legis*. The possession of such administrator is the possession by the Court. *Hudson etc.* v. *Wilber, Saginaw Circuit Judge,* 114 Mich. 116, and cases therein cited. The law does not permit one Court to assume control over the representative of another Court or the property confided to his charge. 'When property or money is *in Custodia Legis,* the officer holding it is the mere hand of the Court. His possession is the possession of the Court. To interfere with his possession is to invade the jurisdiction of the Court itself: and an officer so situated is bound by the

orders and judgments of the Court whose mere agent he is, and he can make no disposition of it without the consent of his own Court, express or implied.' 9 Cent. L. J. 208 *Hudson* v. *Wilber, supra.*

". . . If, after the Marion Probate Court obtains jurisdiction over, and takes custody of the property here in question by its administrator, some one should make the contention that a part of such property belongs to a partnership in which he is interested, he would have his remedy in the Court that held possession of the property. If upon a proper showing, the existence of a partnership was established, the Court would have authority to make proper orders and to direct his administrator to take such action as the facts justified. It must be held, however, that the proper forum for the determination of such questions is the Court where the estate is pending, and not in some other Court of co-ordinate jurisdiction. This position avoids a conflict of jurisdiction between such Courts and provides an orderly procedure in matters of this kind.

"The statutes relating to the settlement of partnership business upon the death of one of the partners is in the nature of an administration of an estate Sect, 50-30 and subsequent. *Harrah* v. *State ex rel. Dyer,* 38 Ind. App. 495; *Yanakeff* v. *George,* 207 Ind. 703."

In the instant case we have a situation where the Probate Court of Marion County has appointed two separate officers to administer the same property, each contending that he has exclusive right to the possession of and to administer the same property. On January 14, 1944, the court appointed the appellant as administratrix of the estate of Alex S. Darko, deceased. This appointment authorized the appellant as an officer of the court to take possession of and administer all the personal property belonging to the estate of Alex S. Darko. Thereafter, on January 25, 1944, eleven days later, the court, upon a petition filed and docketed in,

the same estate, appointed a receiver for a part of the same property, and authorized such receiver to take possession of and administer said property as assets of a surviving partnership. Each of the appointees are officers and arms of the court and subject to the orders, directions, and control of the court. The question as to any conflict of authority over the assets of the personal estate of Alex S. Darko is one which should be settled promptly and finally in the proceedings pending in the Probate Court of Marion County in order that said estate may be settled without unnecessary delay, expense, or prolonged and unnecessary litigation.

We have reached the conclusion that the court erred in denying appellant's petition to intervene and the judgment of the lower court is reversed with instructions to permit appellant to intervene in said receivership proceedings and file such pleadings, petitions, or to take any other steps as may be necessary to present and have adjudicated the question as to whether or not a partnership actually existed between Alex S. Darko and appellees, which question, when decided, will determine which officer of the court is entitled to administer the personal property involved.

Judgment reversed.

NOTE.—Reported in 60 N. E. (2d) 603.