VAN HESS *v.* BOARD OF COMMISSIONERS OF ST. JOSEPH COUNTY ET AL.

[No. 23,698. Filed January 7, 1921. Rehearing denied March 29, 1921.]

1. STATUTES.—*Titles and Subjects of Acts.—County Unit Law. —Constitutionality.*—The County Unit Road Law (Acts 1919 p. 531) is not unconstitutional on the ground that the title is specific in terms, and does not embrace the matter contained in the body of the act. p. 349.

2. HIGHWAYS.—*County Unit Law.—Validity.—Remonstrances.*
—The County Unit Road Law (Acts 1919 p. 531) is not invalid as conferring both judicial and administrative powers on the board of county commissioners in such manner that their administrative acts render them so biased and prejudiced that they cannot fairly try remonstrances. p. 349.

3. APPEAL.—*Statute.—Amendment.—Moot   Question.—Constitutionality.*—In an action to enjoin the issuance of bonds for the improvement of a highway under the County Unit Road Law (Acts 1919 p. 531) on the ground that they had not been approved by the state board of tax commissioners, as required by Acts 1919 p. 198, §201, the question of the constitutionality of such section is not rendered moot by its amendment by Acts (Sp. S.) 1920 p. 164, 171, which empowers the county council to review and approve the issuance of highway bonds instead of the state board of tax commissioners.  p. 352.

4. STATUTES. — *Construction. — Contemporaneous Legislation.* — The County Unit Road Law (Acts 1919 p. 531) and the tax law (Acts 1919 p. 198) were passed at the same session of the legislature, and were under consideration at the same time, and so far as there is no necessary conflict between them they should be construed together as parts of the general law. p. 353.

5. COUNTIES.—*Highways.—Bonds.—Approval of State Tax Commissioners.—"Municipal Corporation."—Statutes.*—Bonds issued to pay for the improvement of a highway under the County Unit Road Law (Acts 1919 p. 531) are bonds issued by a municipal corporation within the meaning of §§201, 202 of the tax law (Acts 1919 p. 198, 317), providing that no municipal corporation shall issue any bond without the approval of the state board of tax commissioners.  p. 353.

6. STATUTES.—*Titles and Subjects of Acts.—Tax Law.—Constitutionality.*—The title to Acts 1919 p. 198, "An Act Concerning Taxation," is sufficiently broad to embrace the provisions of §201 thereof, requiring that any issue of bonds by a municipal corporation, such as highway improvement bonds issued by a county under the County Unit Road Law (Acts 1919 p. 531), be approved by the state board of tax commissioners.  p. 354.

7. TAXATION.—*Issuance of Bonds.—Approval of State Board of Tax Commissioners.—Exercise of Judicial Powers.—Statute.—Validity.*—Acts 1919 p. 198, §201, providing that no municipal corporation shall issue any bond or other evidence of indebtedness without the approval of the state board of tax commissioners, is not invalid, as applied to an issue of bonds for a highway improvement under the County Unit Road Law (Acts 1919 p. 531), on the ground that the sole question to be de-

cided is whether the proposed improvement will be of "public utility," and that such question, being judicial, could not be passed upon by the board because it does not possess judicial powers, since other questions, such as whether the road improvement proposed should be undertaken at the time suggested, the amount of the tax burden which should be imposed and the use of the money, etc., are also involved, and are not judicial questions, but may be referred to the board.   p. 354.

From St. Joseph Superior Court; *Chester R. Montgomery,* Judge.

Action by Leo Van Hess against the board of commissioners of St. Joseph county and others.   From a judgment for defendants, the plaintiff appeals.   *Reversed.*

*Dudley M. Shively, Frank Gilmer, Samuel Parker, Will G. Crabill* and *S. J. Crumpacker,* for appellant. ·

*Stuart McKibben* and *Louis M. Hammerschmidt,* for appellees.

EWBANK, J.—This was an action by a taxpayer to enjoin the board of commissioners and other officers of St. Joseph county from issuing and selling bonds for the improvement of a highway about six and one-half miles long, at an expense of $210,000, under the "County Unit Road Law." (Acts 1919 p. 531) and from levying and collecting taxes to pay such bonds and interest. The complaint was in two paragraphs, to each of which the trial court sustained a demurrer, to which ruling the appellant excepted.

The first paragraph of the complaint was based upon the alleged unconstitutionality of the said "County Unit Road Law," in support of which contention counsel for the appellant urge two propositions as follows:   (1) "The title of the county Unit Road Law is specific in terms, and does not embrace the matter contained in the body of the act.   (2) Under the county unit road law the board of county commissioners act in both judicial and administrative capacities in

such manner that their administrative acts render them biased and prejudiced judges and leave them in no condition to render a fair hearing on a remonstrance."

These objections as enlarged upon in appellant's brief were fully considered by this court in a recent case, decided after this appeal was perfected, and upon the authority of the decision in that case we hold that the statute in question (Acts 1919 p. 531) is not unconstitutional for the reasons suggested. *Forrey* v. *Board, etc.* (1920), 189 Ind. 257, 126 N. E. 673.

The substance of the second paragraph of complaint is that the plaintiff is a resident taxpayer and voter of St. Joseph county, Indiana, and that the defendant board of commissioners, county auditor and county treasurer are the duly elected and acting officers of said county; that fifty freeholders and voters of said county petitioned for the improvement of a designated highway therein, under the provisions of the County Unit Road Law, *supra*, and notice was given and such proceedings were had as that the highway was established and ordered to be improved for the distance of about six and one-half miles according to certain plans and specifications adopted by the defendant board of commissioners, which called for the expenditure of more than $200,000 to pay for the construction of said road; that pursuant to said statute the defendant board of commissioners adopted an ordinance for the issuing of $210,000 of such bonds in denominations and payable as provided in said statute, and directing the auditor and treasurer of the county, respectively, to prepare and cause to be executed and sold such road bonds, "all in accordance with said Act of the General Assembly of the State of Indiana, hereinabove referred to." But it alleges that the state board of tax commissioners of the State of Indiana has not approved the issuance of said bonds, nor any of them, and that the defendant board of commissioners

has not in any way complied with §201 of the tax law, Acts 1919 p. 198.

Except for a proviso that under certain circumstances the tax levying officers, being dissatisfied with the denial of their petition, may cause the question, whether or not the proposed bonds shall be issued, to be submitted to a vote of the legal voters of the taxing unit affected, which proviso is here omitted, the section of the statute referred to reads as follows: "Hereafter no municipal corporation shall issue any bond or other evidence of indebtedness without the approval of the state board of tax commissioners. Any such corporation, desiring to issue any such bond or other evidence of indebtedness, shall file its petition therefor in the office of the state board of tax commissioners, setting forth the facts showing the necessity for such issue. The petitioners shall give notice of the filing of such petition and hearing thereon, to the taxpayers of the taxing district to be affected by such issue, by publication for two weeks prior to such hearing in two leading newspapers of opposite political parties, published in such district, or in one such paper if only one be there published, or in case no newspaper is there published, then by posting such notice in three public places in such taxing district. On the hearing of such petition, if it appear that a necessity exists for the relief prayed for, the state board of tax commissioners shall approve the issuance of such bonds or other evidences of indebtedness either as prayed for, or with such modifications or upon such conditions as may be deemed just and proper. If, on such hearing, it shall appear that such relief ought not to be granted, the state board of tax commissioners shall so declare, and such bonds or other evidences of indebtedness shall not be issued. All such bonds or other evidences of indebtedness so issued under the order of such board shall be incontestable, except for fraud,

forgery or for excess of the constitutional limitation: Provided," etc. Acts 1919 p. 198, 317, §201.

This section of the statute above quoted has been amended since this case was decided by the circuit court, so as to take away from the state board of tax
3. commissioners all authority to review and approve or disapprove the action of the municipal officers in such a case. Acts [Sp. S.] 1920 p. 164, §4. But as amended it provides for a petition to the local county council, notice, and a public hearing before the county council, and provides that if, on such hearing, it shall appear that a necessity exists for issuing the bonds or other evidences of indebtedness, the county council shall approve their issuance; but if it shall appear that they ought not to be issued, the county council shall so declare, and such bonds or other evidences of indebtedness shall not be issued, the language of the amended section being almost exactly the same as the original section in this, except that the county council is substituted for the state board of tax commissioners as the reviewing authority.

It follows that if the approval of the state board of tax commissioners was essential to the validity of the proposed bonds under the statute in force at the time this action was commenced, the approval of the county council is necessary under the amended statute. But if §201, *supra*, of the tax law, as above set out, was invalid for the reasons urged by the appellant, the amended section providing for referring to the county council all proposed issues of municipal bonds and securities must also be void. Therefore the amendment of the statute has not reduced to a mere moot question the alleged unconstitutionality of the statute requiring the approval of a board of taxing officials before the issuing of bonds to pay for a highway improvement, and we address ourselves to that question.

It appears that the tax law, in which §201, *supra,* was found, was approved March 11, 1919, and contained a section (§339, Acts 1919 p. 198) which

4. declared an emergency, and that the act should be in force from and after its passage. And the County Unit Road Law was approved March 13, 1919, and also contained a like declaration of emergency (§45, Acts 1919 p. 531) under which it was in force from that date.

It is urged that by reason of its later enactment the authority conferred upon the board of commissioners by the highway act, approved March 13, was not restricted by the general provisions in the tax law approved two days before. But the language of §201, *supra,* of the tax law is general, and expressly applies to all municipal corporations which shall thereafter issue any bonds or other evidences of indebtedness, and there is nothing in the highway act suggesting a purpose to repeal it or limit its effect. Both statutes were passed at the same session of the legislature, and were under consideration by the legislature at the same time, and so far as there is no necessary conflict between them they should be construed together as parts of the general law. *State, ex rel.* v. *Ives* (1906), 167 Ind. 13, 22, 78 N. E. 225.

The County Unit Road Law, *supra,* expressly provides for the issue of "the bonds of the county" to raise money for making highway improvements after author-

5. ity voted by the county council, and they are to be sold by the county treasurer, and the proceeds kept in the county treasury and paid out only on the warrant of the county auditor. Bonds issued to pay for a highway improvement under that law are clearly bonds issued by a "municipal corporation" within the meaning of §201 and §202 of the tax law, *supra.*

The title, "An Act Concerning Taxation," is sufficiently broad to embrace provisions for referring to some public tribunal the question whether or not

6. $210,000 of money shall be raised by taxation to pay for improving one particular highway, six and one-half miles long, out of several hundred miles of highway in the county susceptible of improvement, after a proceeding to procure the making of such improvement has been instituted by fifty interested residents of the county, and the board of commissioners or any other court to which an appeal may have been taken has decided the single question whether or not the proposed improvement would be "of public utility."

Counsel are not correct in asserting that the only question to be decided in determining whether or not such bonds shall be issued and a tax levied to

7. pay the bonds is the judicial question whether or not the proposed highway improvement will be of public utility. Questions of the expediency of improving this particular six miles and a half of highway, at an expense of $30,000 per mile, and paying for it out of the taxes to be collected in a certain number of years, instead of using those taxes to improve or to maintain some part of the other hundreds of miles of highways in the county, or to pay for schoolhouses, or bridges, or a courthouse or jail, or something else for public use, and instead of collecting a less amount of taxes, must be decided by somebody. For there is a necessary limit to the amount of taxes that can be collected in any one year, and a limit to the amount of taxes that ought to be levied, even though it might be possible to collect them. And whatever part of such taxes are used to pay for this highway cannot be used for other public purposes, nor can the people use for private purposes what they are compelled to pay as taxes. Counsel assume that the interested action of fifty persons

who petitioned for this highway improvement was enough to make necessary the levy of additional taxes, and to displace all other possible uses of the public money in favor of it, in case it should be found to be "of public utility." And as that is a question for the decision of a court, they assume that only a judicial tribunal could have power to pass on the question whether or not bonds shall be sold and taxes levied to pay for a proposed highway improvement.

But where there are hundreds of miles of highway in a county, and it is proposed to expend $30,000 per mile in improving six and one-half miles of it, not improbably many different roads six and one-half miles long could be chosen on any of which a pavement would be "of public utility." And doubtless many other kinds of improvements would be "of public utility," as well as the improved highway, if only the municipality had the money with which to make them. The relative "necessity" of expending $210,000 in improving this particular highway at this time would not necessarily depend solely upon the public utility of the improvement, if made. Which of the different possible improvements that would be of public utility shall have the preference, or whether any of them shall be undertaken at a given time, are not judicial questions, but are such questions as may be referred to a public board charged with duties in the assessment of property and levy of taxes. The fact that the state board of tax commissioners does not possess judicial powers is not a reason why it could not be empowered to decide that question. Boards having to do with the levying of taxes and the expenditure of money raised by taxation must always exercise a discretion as to the general purpose for which each tax should be levied and the amount to be levied for each of such purposes, and as to the nature and amount of each specific expenditure from any general fund. Such

a board may be given power to determine whether, out of the public revenue to be collected by taxation in St. Joseph county in a given period of not less than ten or more than twenty years, enough shall be diverted from all other purposes to pay $210,000 for the improvement of a certain road six and one-half miles long, and interest on deferred payments.

Under the law as it was at the time this case was decided by the superior court, the defendants' county officers were without authority to issue and sell county bonds for making the proposed improvement without first obtaining the approval of the state board of tax commissioners, and the court committed an error in sustaining the demurrer to the second paragraph of appellant's complaint.

The judgment is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.