STATE, EX REL. FREELAND ET AL. *v.* EVANS, COUNTY
TREASURER, ET AL.

[No. 24,806.    Filed February 26, 1926.    Rehearing denied May
14, 1926.]

1. CONSTITUTIONAL LAW.—*Statute authorizing appeal to State Board of Tax Commissioners from order for issuance of municipal bonds is not unconstitutional as granting judicial powers to such board.*—That part of §201 of the tax law of 1919 (Acts 1919 p. 198, §14240 Burns 1926) which authorizes an appeal to the State Board of Tax Commissioners from an order for the issuance of bonds by a county or other municipal corporation is not unconstitutional as giving judicial powers to such board. p. 659.

2. MUNICIPAL CORPORATIONS.—*Under tax law of 1919 as amended in 1921, remonstrance against issuance of bonds by a municipal corporation must have been filed within fifteen days of the order for the issuance of the bonds.*—Prior to the amendment of the statute in 1923 (Acts 1923 p. 264, §14240 Burns 1926), taxpayers who opposed a bond issue by a municipal corporation must have filed a remonstrance within fifteen days after the order for such bond issue in order to give the State Board of Tax Commissioners jurisdiction of the matter as provided by §201 of the tax law of 1919 as amended in 1921 (Acts 1921 p. 638, §4, §10139t7 Burns' Supp. 1921). p. 661.

From the Decatur Circuit Court; *Oscar H. Montgomery,* Special Judge.

Action by the State of Indiana on the relation of Myron C. Freeland and others to mandate Charles B. Evans, treasurer of Decatur county and others, to issue and sell bonds for the construction of a highway. From a judgment for the defendants, the relators appeal. *Reversed.*

*Hugh D. Wickens* and *Frank Hamilton,* for appellants.

*Thomas E. Davidson* and *Tremain & Turner,* for appellees.

*Smith, Remster, Hornbrook & Smith, Matson, Carter, Ross & McCord, Fred A. Sims, William C. Harrison* and *Willis C. Nusbaum,* Amici Curiae.

EWBANK, C. J.—Appellant's relators brought this action against the treasurer, auditor and board of commissioners of Decatur county, Indiana, asking a writ of mandamus to compel the issuance and sale of bonds of the county to pay for the construction of a certain highway improvement. A demurrer to the complaint for alleged want of facts sufficient to constitute a cause of action was sustained, and relators excepted. Sustaining this demurrer is the only error assigned.

The complaint, after alleging the official position held by the different defendants and facts showing the relators' right to sue, alleged facts to the following effect, in substance: That upon proper petition and due notice, the board of commissioners of Decatur county, Indiana, by due and lawful action, as recited, ordered that a certain highway improvement should be constructed according to plans, profile and specifications which had been duly prepared and adopted, and that after giving notice according to law and receiving bids, the board awarded a contract for the construction of such improvement and entered into a written contract for its construction in accordance with the plans, profile and specifications, for the contract price of $172,-443.86, a copy of which contract was set out. That the contractors gave a proper bond, which was approved by said county board of commissioners, and on the second day of April, 1923, the board of commissioners of said Decatur county duly passed and adopted a bond ordinance and entered of record a determination to issue bonds of Decatur county, Indiana, in the amount of $178,000, bearing interest at the rate of four and one-half per cent., and also an order for the sale of such bonds to provide funds with which to build and construct the highway improvement, and also entered of record an order that the county treasurer should pro-

ceed with the sale of the bonds, as by law provided, a copy of which order was made part of the complaint. That the county board of commissioners then caused notice of the passage of such bond ordinance to be published on April 4 and 11, 1923. That all of said steps and all of said acts were done and performed according to law. That no remonstrance was filed with the auditor of said county by any taxpayer against the issue of said bonds until April 19, 1923, on which date ten or more taxpayers other than those who pay poll tax only in said county filed a written remonstrance against the issuance of such bonds. That thereafter the State Board of Tax Commissioners of Indiana assumed to entertain jurisdiction of said matter and entered an order that the proposed issue of $178,000 of bonds bearing interest at the rate of four and one-half per cent. be not approved by the board. But that the State Board of Tax Commissioners of the State of Indiana was without jurisdiction and its order refusing to approve the issue of bonds was void, because the remonstrance by the ten taxpayers was not filed within fifteen days after the bond issue had been determined upon by the county board of commissioners, and because there is no provision in the county unit road law giving the State Board of Tax Commissioners any authority in the matter. That the orders and ordinances of the county board of commissioners have never been rescinded, set aside or vacated, and that said orders and said contract are in full force and effect. That the contractors are ready and willing to perform their contract as soon as the bonds are sold to provide funds to pay for the improvement. And that demand has been properly made upon each of the defendants to perform his or its official duty in the matter.

The only defect in the complaint suggested by appellees is that it contains an admission that ten or more

taxpayers of the county other than those who pay poll tax only, and who will be affected by the proposed issuance of such bonds, filed a remonstrance on the seventeenth day after the issuance of the bonds had been determined upon by the county board of commissioners, being the fifteenth day after the first publication of notice of that fact, and that the State Board of Tax Commissioners thereupon entered an order that the proposed bond issue be not approved.   While relator insists that: (a) The law authorizing an appeal is unconstitutional; and that (b) because the petition was not filed "within 15 days after the issuance of such bonds   *   *   *   had been determined upon by such municipal corporation," the State Board of Tax Commissioners had no jurisdiction and therefore its order in the matter was void.

That such a statute is not unconstitutional because of the objections urged against it by appellant was decided in a recent case, and we adhere to that opinion.

1.   *VanHess* v. *Board, etc.* (1921), 190 Ind. 347, 354, 129 N. E. 305.

The constitutional objection being disposed of, the only other question presented for decision is as to the proper construction of that section of the Act of 1921 which authorizes an appeal to the State Board of Tax Commissioners from an order for the issuance of bonds by a county or other municipal corporation.   For, while that statute was amended in 1923 (§14240 Burns 1926, ch. 193, Acts 1923 p. 264), the amendatory act expressly provides that none of its provisions shall affect pending litigation, and it did not take effect until more than fifteen days had elapsed after the issuance of these bonds had been ordered by the county board of commissioners.

So much of the statute referred to as is pertinent in the consideration of and decision of said question reads as follows: "Any municipal corporation, through

its proper legal officers, may issue such bonds or other evidences of indebtedness as it may deem necessary. In the event that the proper legal officers of any municipal corporation shall determine to issue any bonds or other evidences of indebtedness (excepting temporary obligations) exceeding $5,000, notice of such determination shall be given by publication for two weeks in two leading newspapers of opposite political parties published in such taxing district. * * * Ten or more taxpayers in such municipal corporation, other than those who pay poll tax only, and who will be affected by the proposed issuance of such bonds or other evidences of indebtedness and who may be of the opinion that such bonds or other evidences of indebtedness should not be issued, or that the proposed issue is excessive for the proposed purpose thereof, may file a petition in the office of the county auditor of the county in which such municipal corporation is located, within fifteen days after the issuance of such bonds or other evidences of indebtedness shall have been determined upon by such municipal corporation, setting forth their objection thereto and facts showing that the proposed issue is unnecessary, unwise or excessive, as the case may be. Upon the filing of any such petition the county auditor shall immediately certify a copy thereof, together with such other data as may be necessary in order to present the questions involved, to the State Board of Tax Commissioners, and upon the receipt of such certified petition and information the State Board of Tax Commissioners shall fix a time and place for the hearing of such matter. * * * The decision of the State Board of Tax Commissioners upon the issuance of said obligations and the amounts thereof, if any, which may be lawfully issued, shall be final. * * *" §10139t7 Burns' Supp. 1921, §4, ch. 222, Acts 1921 p. 642.

The precise question before us is whether or not, under a proper construction of the language quoted, the taxpayers must file their petition within fifteen days after the order is made for the issuance of bonds of the municipal corporation, in order to give the State Board of Tax Commissioners jurisdiction on appeal, or whether the limit of fifteen days within which the petition must be filed runs from some other date, such as the date of the first publication of notice, or a later time?

It will be observed that the "determination" of the officers of the county to issue bonds is three times referred to in this act in the space of a few lines.

2. If the officers of the municipal corporation shall "determine to issue bonds" notice of "such determination" shall be given in a manner specified, and, in order to take an appeal to the state board, ten or more qualified taxpayers may then file their petition "within 15 days after the issuance of such bonds * * * shall have been determined upon by such municipal corporation." The references to the time when the officers shall determine to issue bonds, and to the determination by them of which notice shall be given clearly refer to the time of making an order that the bonds be issued. And the express limitation requiring a petition of taxpayers, by way of an appeal, to be filed "within 15 days after the issuance of such bonds * * * shall have been determined upon" must be understood as referring to the same time, unless the language of the statute, itself, shows a legislative intent to the contrary. The only facts suggested by counsel as affording any basis for holding that there was such a legislative intent are that: (1) While the statute provided that "notice of such determination" should be given by publication for two weeks, it did not provide that the notice should be published immediately, and in the instant case, notice was not published until the sec-

ond day, so that more than fifteen days might (and in this case did) elapse after the order was made before the publication for two weeks was completed; and that (2) at its next session, the legislature amended the statute so as to provide that a petition by way of an appeal shall be filed "within 15 days after notice as aforesaid shall have been given that the issuance of such bonds * * * shall have been determined upon." §14240 Burns 1926, ch. 93, Acts 1923 p. 264. But a court cannot impute to the legislature an intent which the statute failed to express, merely because it may appear that sound policy and a due regard for the rights of taxpayers would have dictated the declaration of such intent, if those who prepared the bill had taken a comprehensive view of the subject, nor because, after a short experience in operating under the law as originally enacted, the legislature amended it by inserting an express declaration of such intent. We do not find anything within the statute which controls or modifies the meaning expressed by the provision allowing only "15 days after the issuance of the bonds had been determined upon ," within which to file a petition by way of an appeal to the State Board of Tax Commissioners. Therefore, we hold that the petition filed in this case on the seventeenth day after the adoption of the ordinance was ineffectual, and that the order of the State Board of Tax Commissioners disapproving the proposed issue of bonds was without effect. It follows that the complaint stated a cause of action and the demurrer to it should have been overruled.

The judgment is reversed, with directions to overrule the demurrer to the complaint.

Myers, J., not participating.