STATE OF INDIANA, EX REL. BOARD OF COMMISSION-
ERS OF KOSCIUSKO AND FULTON COUNTIES
*v.* LEONARD, COUNTY AUDITOR, ETC.

[No. 24,944.  Filed October 26, 1926.]

1. CONSTITUTIONAL LAW.—Section 14240 Burns 1926, being §201 of the tax law of 1919 (Acts 1919 p. 198, 317), giving the State Board of Tax Commissioners control over bond issues of municipal corporations, is not unconstitutional.  p. 359.

2. STATUTES.—*Title of tax law broad enough to embrace amendments thereto.*—The title of the 1919 tax law (Acts 1919 p. 198) being sufficiently broad to embrace the provisions of §201 thereof (§14240 Burns 1926), no valid objection can be made for insufficiency of the title to an act amending that section. p. 359.

3. HIGHWAYS.—*Objections to issuing bonds must have been filed within fifteen days after order made to give State Tax Commissioners jurisdiction on appeal.*—Under Acts 1921 p. 638, §4 (§10139t7 Burns' Supp. 1921), prior to amendment by Acts 1923 p. 264 (§14240 Burns 1926), taxpayers objecting to an issue of bonds for the construction of a highway were required to file their objections with the county auditor within fifteen days after the county commissioners determined to issue such bonds to give the State Board of Tax Commissioners jurisdiction on appeal.  p. 359.

From Miami Circuit Court; *Albert Ward*, Judge.

Action in mandate by the joint Board of Commissioners of Kosciusko and Fulton counties against Clem V. Leonard, Auditor of Fulton county. From a judgment for the defendant, the relator appeals. *Reversed.*

*Albert B. Chipman, Walter Brubaker* and *Holman, Bernetha & Miller,* for appellant.

*Willis C. Nusbaum* and *Francis Bowser,* for appellee.

GEMMILL, J.—This action was brought in the Fulton Circuit Court by the relators, the joint board of commissioners of the counties of Kosciusko and Fulton, against the auditor of Fulton county, to mandate him to issue bonds as required by an order of said joint boards in a proceeding to establish and construct the S. S. Eiler et al. concrete road, on the county line between Franklin township in Kosciusko county and Henry township in Fulton county. The proceedings in regard to said highway were conducted in accordance with ch. 209, Acts 1907 p. 363, same being §§8337-8349 Burns 1926, §§7740-7752 Burns 1914.

The complaint set out in detail the various steps which had been taken in said matter, and stated that the board of commissioners of Fulton county had adopted an ordinance providing for the issue and sale of bonds in the sum of $34,920, to pay Henry township's share of the cost of construction of said improvement, that the board of commissioners of Kosciusko county had adopted a bond ordinance to pay one-half of the cost, that the auditor of that county was ready and willing to issue said bonds, and that the auditor of Fulton county had failed, and, on demand, had refused, to comply with the bond ordinance adopted by the board of commissioners of said county in the matter of issuing same. Demurrers to certain paragraphs of answer to the complaint were overruled, and replies were then filed. After hearing the evidence, the court filed its special finding of facts and conclusions of law thereon, and rendered judgment in favor of the defendant.

On appeal, the appellant has assigned the following errors: That the court erred in overruling the de-

murrers of the appellant to the second and sixth paragraphs of answer, and in its conclusions of law.

The defendant, in each of said paragraphs of answer, relied upon the fact that the State Board of Tax Commissioners had refused to approve said bond issue, after a hearing upon a petition signed by the required number of taxpayers, who objected to same. The right of taxpayers to file such a petition was provided for in §4, Acts 1921 p. 638, §10139t7 Burns' Supp. 1921. Part of said section is as follows: "Ten or more taxpayers in such municipal corporation, other than those who pay poll tax only, and who will be affected by the proposed issuance of such bonds * * * may file a petition in the office of the county auditor of the county in which such municipal corporation is located, within fifteen days after the issuance of such bonds or other evidences of indebtedness shall have been determined upon by such municipal corporation." The sixth paragraph of answer says that no determination to issue said bonds for said road other than the enactment of the bond ordinance set out in the complaint was ever made or entered by the board of commissioners of Fulton county. In the second paragraph of answer, it is stated that the petition of taxpayers was filed within fifteen days after the fourteen-day notice of the determination to issue bonds was given. And, in the sixth paragraph, it is said that the notice to taxpayers was published on September 1 and 8, 1922. So it is apparent from each of said paragraphs of answer that the said petition of taxpayers filed on September 27, 1922, was not filed within fifteen days after the adoption of bond ordinance by the board of commissioners of Fulton county. The adoption of the bond ordinance may be regarded as a determination to issue the bonds.

The relators contend that said §4 of said act of 1921, which conferred upon the State Board of Tax Commis-

sioners control and authority over bond issues was void, because in violation of the state Constitution. This court has decided that such power and authority can be delegated to the State Board of Tax Commissioners by the general assembly and that such a statute is not unconstitutional. *Van Hess v. Board, etc.* (1921), 190 Ind. 347, 129 N. E. 305; *O'Connor* v. *Board, etc.* (1924), 194 Ind. 386, 142 N. E. 858; *State, ex rel.,* v. *Evans, Treas.* (1926), 197 Ind. 656, 150 N. E. 788. Relators also insist that the title to said act is not sufficient to cover said §4. In *Van Hess* v. *Board, etc., supra,* it was held that the title to ch. 59, Acts 1919, "An Act Concerning Taxation," was sufficiently broad to embrace the provisions of §201 thereof, relating to bond issues and requiring that any issue of bonds of a municipal corporation be approved by the State Board of Tax Commissioners. Said act of 1921 is an amendment of an act of 1920 which amended the said act of 1919. The title to the original act being sufficient, no valid objection can be made to an amendatory act thereof having a similar title.

This court has held in *State, ex rel.,* v. *Evans, Treas., supra,* and in *Inskeep* v. *State, ex rel.* (1926), *ante* 224, 153 N. E. 411, that under said §4, ch. 222, Acts 1921, (prior to amendment by Acts 1923), taxpayers must file a petition opposing a bond issue within fifteen days after issuance of bonds shall have been determined upon, in order to give the State Board of Tax Commissioners jurisdiction on appeal. Adhering to these opinions, it must be decided that neither of said paragraphs of answer states facts sufficient to constitute a defense to the complaint.

The judgment is reversed, with instructions to sustain the demurrers to the second and sixth paragraphs of answer.