DUNN, AUDITOR ET AL. *v*. CITY OF INDIANAPOLIS.

[No. 26,147. Filed June 25, 1935. Rehearing denied October 22, 1935.]

*Louis B. Ewbank, James M. Ogden,* Attorney-General, *Hugh D. Merrifield,* Assistant Attorney-General, and *Harvey A. Grabill,* for appellants.

*Edward H. Knight, James E. Deery, H. M. Spencer,* and *H. Nathan Swaim,* for appellee.

TREMAIN, J.—This action was filed by the city of Indianapolis, as plaintiff below, to enjoin the auditor and treasurer of Marion county, in making up the tax duplicates and collecting taxes upon property within the city, from reducing by two cents the ordinance tax of

the city as it had been ordered reduced by the state board of tax commissioners upon an appeal to said commissioners pursuant to the provisions of section 200 of chapter 95 of the Acts of 1927, being section 64-1331, Burns 1933. By petition, the state board of tax commissioners, Zoercher, Showalter, and Wolfard, were made parties defendant to said action.

The complaint is in two paragraphs, the allegations of which recite the necessary statutory steps required to be taken by the officials of the city of Indianapolis in the preparation and determination of the tax levy for the year 1932. It is alleged that ten or more taxpayers of said city filed with the auditor of said county their objection to the city tax levy upon the ground that it provided for the collection of more taxes than the government thereof economically administered would warrant, and asked that the question be certified to the state board of tax commissioners as provided by said act; that pursuant thereto the same was so certified and passed upon by said board of tax commissioners, which board reduced the tax levy one cent on one hundred dollars in each of two funds, viz.: the general fund and the park department fund, which reduction had the effect to and did reduce the total tax levy of the city from $1.08 to $1.06 on each $100 of the taxable property of said city.

It is alleged that the order of the state board of tax commissioners in making said reduction is illegal and void and that section 200 of said act (Acts 1927, pp. 248-251) is unconstitutional, both as to giving the state board of tax commissioners authority (1) over municipal activities in regard to those matters affecting the inhabitants of that community, and (2) authorizing such state board to exercise both legislative and judicial power in matters of taxation. It is specifically

alleged that the action of the state board of tax commissioners is unconstitutional and void as being in conflict with the following provisions of the Constitution of the State of Indiana: section 1 of article I of the bill of rights; and section 1 of article III, section 1 of article IV, section 1 of article VII, and section 1 of article X of the Constitution.

Issues were closed and the cause was tried by the court and judgment rendered enjoining the appellees from extending upon the tax duplicates the reduced tax levies, as fixed and determined by the state board of tax commissioners.

For the purpose of this decision it will be assumed that all facts are alleged in the complaint necessary to present the question; likewise facts were introduced in evidence relative to all the taxable property of the city and the amount necessary to be raised for the use of the various departments and funds; that the budget provided for by statute was in due form and complete; that all jurisdictional notices were given and a compliance shown with all laws pertaining to the assessment and levy of taxes upon the property of the taxing unit.

Section 200 of chapter 95 of the Acts of 1927, the constitutionality of which is questioned by the complaint herein, provides that the several tax levies and rates shall be established by the proper legal officers of any municipal corporation after the formulation and publication by them of a budget on forms prescribed by the state board of accounts; that notice be given to the taxpayers; that a public hearing will be had at which any taxpayer may appear and be heard upon the question of any levy or expenditure or other matter pertaining to the several tax levies and rates; that when the tax levies and rates are finally established by the proper

legal officers of any municipal corporation, the same shall be reported to the county auditor and by him to the state board of tax commissioners as provided in sections 197 and 199 of said act and that the same shall stand as the tax levies and rates of such municipal corporation for the next year succeeding, subject to the right of ten or more taxpayers of "any such municipal corporation," other than those who pay poll tax only, to file a petition with the county auditor in which "such municipal corporation" is located, setting forth their objections to the levy made or to any item or to any rate thereof. Upon the filing of such petition the county auditor is required to certify a copy thereof with such other information as will be necessary to present the questions involved to the state board of tax commissioners, "who shall have the power to affirm or decrease said total tax levy or any item thereof of any such municipal corporation after a hearing." It is provided that the hearing must be had in the county in which "such municipal corporation" is located, upon notices thereof to taxpayers; that the finding of the state board of tax commissioners shall be certified to the auditor of the county, who shall thereupon certify such action to the taxing unit interested, and that the action of the state board of tax commissioners shall be final and conclusive. There is a provision in said section 200 that if due to an emergency it should be necessary to spend more money than is provided for in the published budget or in the budget as modified by the state board of tax commissioners, such municipal officers are empowered to adopt a resolution and to give notice of intention to make additional appropriations and proceed in a manner similar to that prescribed in the first instant; that ten or more taxpayers may petition to have the question of such extra or

additional appropriation or tax levy certified to the state board of tax commissioners.

The general tax law of 1919, Acts 1919, ch. 59, p. 198, section 200 of which was amended by the Acts of 1927, chapter 25, defines the term "municipal corporation" in section 202 thereof as follows:

> "The phrase 'municipal corporation' as used in the five preceding sections, shall be deemed to include a county, township, city, incorporated town, school corporations, or any person, persons or organized body authorized by law to establish tax levies for any purpose."

Both appellants and the appellee agree that the power of taxation is inherent in the state, and is a legislative power limited only by the provisions of the Constitution. Section 1, article X, Constitution; *State ex rel. Goodman* v. *Halter* (1898), 149 Ind. 292, p. 297, 47 N. E. 665, 49 N. E. 7; *Beard* v. *Peoples Savings Bank* (1913), 53 Ind. App. 185, 101 N. E. 325.

The appellee contends that when a city government is created by an act of the General Assembly, in which a common council is provided for and certain duties delegated to it, in their nature legislative, among which is to make and designate the tax levy of such municipality, such act of the common council is final, and arises to the dignity of a legislative act by the General Assembly; that, therefore, its power and authority cannot be curtailed or modified as provided in section 200, *supra,* wherein the General Assembly has delegated to the state board of tax commissioners supervisory authority over the acts of the common council in that respect; nor does such board of tax commissioners possess the power and right under the Constitution to reduce a tax levy established by the common council.

The first two objections made by appellee: That the act in question violates (1) section 1, article I, and

(2) section 1, article III, of the Constitution, are answered in *Zoercher* v. *Agler* (1930), 202 Ind. 214, 172 N. E. 186, 172 N. E. 907, contrary to appellee's contention. That case also holds that the statute in question does not violate section 19, article IV, and section 6, article VI, of the Constitution, and that the statute is not violative of the principle of local self-government reserved to the inhabitants of the municipality.

Appellee further contends that said statute is in violation of section 1, article IV, of the Constitution, which provides that the legislative authority of the state shall be vested in the General Assembly, and that it violates section 1, article VII, of the Constitution, which pertains to the judicial powers of the state. These two sections may be considered together.

Under our form of government the three divisions: judicial, legislative, and administrative, are separate and distinct, each possessed of certain governmental powers. Numerous decisions of the Supreme Court hold that neither judicial nor legislative functions can be delegated to administrative or other departments of government. Equally as many Supreme Court decisions hold that boards such as the state board of tax commissioners possess only administrative and ministerial powers delegated by acts of the General Assembly.

In *Zoercher* v. *Agler, supra,* it was held that section 200 of the tax law here in question, providing for an appeal by ten or more taxpayers, did not confer upon the state board of tax commissioners either judicial or legislative power, but it was held that the power and authority delegated constituted a delegation of ministerial power only, the power to approve or reduce tax rates within the respective municipalities and subdivisions of the state, and that the act of the state board

of tax commissioners in thus reviewing the proceedings of a local municipal corporation "is not the exercise of a legislative power." Such has been the holding of this court concerning powers and duties delegated by the General Assembly to the numerous boards and commissions created by law.

In *School City of Marion* v. *Forrest* (1907), 168 Ind. 94, 78 N. E. 187, a controversy arose between the city and the library board as to which possessed the power to levy a certain tax for library purposes. It was there held that the power of taxation is possessed solely by the legislature. The court stated that it recognized the validity of the proposition that the power to tax follows by implication, within the grant of legislative authority, and that in the main there can be no delegation of that authority except to the extent that our form of government, in which local powers have been decentralized, makes it necessary that taxes should be levied under legislative authority, by the various municipal bodies in the state, for the purpose of carrying out the objects of the legislation upon the question of taxation. This case holds that while the power to tax is vested in the legislature yet there is left to the legislature much discretion in the selection of the means for the efficient performance of that duty; that the board of school trustees and the library board as well as the city council itself possess the power under the statute to fix the levy necessary to produce funds for their maintenance.

In strictness such power does not arise to the dignity of a legislative enactment by the General Assembly. The power to make a law and the authority to execute it are two separate and distinct matters. The first is in the General Assembly; the latter is in the board or body charged with its execution and is ministerial.

*Arnett* v. *State ex rel.* (1907), 168 Ind. 180, 184, 80 N. E. 153, quotes from an Ohio case as follows:

> " 'The true distinction, therefore, is between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and conferring authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no valid objection can be made.' "

This case further quotes from a Pennsylvania case as follows (p. 184):

> "The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. To deny this would be to stop the wheels of government. There are many things upon which wise and useful legislation must depend, which cannot be known to the lawmaking power, and must, therefore, be a subject of inquiry and determination outside the halls of legislation."

The Supreme Court of Indiana has held many times that where the legislature has authority over the subject matter, it has the sole charge of the means that are necessary and proper to complete the object it seeks to obtain; that it may delegate discretionary authority under the Constitution to boards, commissions, and other bodies, as may be illustrated by reference to the authority conferred upon the railway commission to make rules and regulations, which was held not a delegation of legislative authority in *Vandalia R. Co.* v. *Railroad Commission of Indiana* (1914), 182 Ind. 382, 101 N. E. 85. The public service commission of Indiana, a creature of legislation, possesses administrative and ministerial authority and has broad powers over subjects delegated to it, but it possesses no legislative authority. *In re Northwestern Indiana Tel. Co.* (1930), 201 Ind. 667, 171 N. E. 65. Section 36-105, Burns

1933, §8644, Baldwin's 1934, confers upon the state highway commission power to make rules and regulations and perform many other acts which are administrative and ministerial, *Hammond, etc., R. Co.* v. *State Highway Commission* (1926), 198 Ind. 456, 152 N. E. 806, 154 N. E. 20. The statute which confers power upon the state board of health to adopt rules and regulations does not violate section 1, article IV, of the Constitution and is not a delegation of legislative power. *Blue* v. *Beach* (1900), 155 Ind. 121, 56 N. E. 89; *State ex rel. Horne* v. *Beil* (1901), 157 Ind. 25, 60 N. E. 672, and many other authorities could be added and the examples multiplied to illustrate the principle under consideration.

The question of legislation and of the delegation of legislative authority and of regulation and administration has been discussed so many times and has become so well settled that it cannot be regarded as an open question in this state that the power of legislation remains in the General Assembly and cannot be delegated, but the power and authority to administer the legislative enactments may be and necessarily are delegated to various boards, bodies and commissions.

Under our legislative system, the General Assembly is in regular session for a period of only sixty-one days in a term of two years. Upon the question of legislation providing for taxation, as well as many other subjects, it is apparent that legislation cannot be enacted, in detail, so as to apply to all conditions in the various subdivisions and municipalities of the state, and, therefore some discretion must be lodged in some official board or commission to exercise judgment and discretion as to the application of the tax law pursuant to the standard designated by the General Assembly. It sometimes occurs that the discretionary authority so

delegated partakes of and is closely allied to both the judicial and legislative departments of government, but so long as such official, board, or commission is not permitted to render final judgments or to make new laws, it has always been held that such acts are administrative and ministerial, and are necessary to the orderly administration of the legislative enactments. The state board of tax commissioners is a creature of the statute and has performed the duties and exercised the functions conferred upon it by statute and has been acquiesced in by the people of the state for such a long period that this court would not be justified in disturbing its functions and acts except where there is the clearest constitutional transgression.

The city of Indianapolis is in error when it takes the position that the act of its city council in making up the tax budget and passing the tax ordinance 4, ■ constitutes a legislative act in the sense that a law enacted by the General Assembly is a legislative act. Such is not the case. There is but one constitutional legislative body and that is the General Assembly. Municipal corporations are creatures of the state. They possess such powers only as are granted by the legislature in express words and those necessarily implied and incidental to those expressly granted, and those indispensable to the declared objects and purposes of the corporation, and to its continued achievements. *Central Union Telephone Co.* v. *Indianapolis Telephone Co.* (1920), 189 Ind. 210, 126 N. E. 628; *Wallace* v. *Feehan* (1934), 206 Ind. 522, 190 N. E. 438; §§10304 and 10306, Burns 1926, §§48-1504 and 48-1506, Burns 1933.

The government of the city of Indianapolis, a creature of the legislature, is part of the taxation machin-

ery, acting in an administrative capacity, subject to the restrictions and limitations imposed by the legislature. The local government of the city does not act either in a judicial or a legislative capacity in applying the tax laws to the needs and necessities of that unit. It is one of the municipalities defined by the legislature in section 202, *supra*. The city's authority, so vested in it by the legislature is restricted and limited by a provision that ten or more taxpayers may have a review of the city's acts by the state board of tax commissioners, which board may approve or reduce the amount to be provided and expended in any given fund. No power of legislation, in approving or lowering the tax rates of the municipality, is conferred upon the board. The only power granted is to approve or reduce the amount fixed by the officers of the municipality, acting administratively. Neither the city officials nor the tax board can levy a tax not provided for by the legislature. No power is delegated to either to legislate upon that subject; nor do they pronounce judgment. They administer the tax laws as required by the legislature, and pursuant to the method, standard, and rules prescribed by the statute, among which are maximum amounts of the several levies to be made by the local municipalities, and the provision that the state board of tax commissioners only can approve or reduce the levies fixed by the local tax officials.

Lastly the appellee asserts that the statute is violative of section 1 of article X of the Constitution. There is no merit in this contention. So much has been written concerning this section of the Constitution that elaboration is unnecessary. It is understood everywhere that the rate of taxation and assessment in each taxing unit shall be uniform in that unit

and so long as that uniformity is maintained, the Constitution is not violated. The Constitution does not require that the same rate shall be maintained in the city of Indianapolis as is maintained in the city of Evansville or Fort Wayne or other places. The requirement of section 200, *supra,* providing for a review by the state board of tax commissioners does assist to some extent in maintaining uniformity throughout the state. That board is in a position to and has before it facts, figures, and assessments of each municipality in the State of Indiana and thereby becomes to a certain degree expert in reviewing and reducing, but not raising, the levies of the several municipalities of the state.

The principles and practices, provided by law, under constitutional sanction, granting appeals to and a hearing and review by the state board of tax commissioners have been recognized and followed by this court in matters so closely analogous to the question here involved that it cannot be doubted that the General Assembly, in enacting tax laws, possesses ample power and authority to reserve a check upon all municipalities, levying taxes and assessments, and to lodge a supervisory control in an administrative board. The state board of tax commissioners is a creature of the people through legislative enactment, and the administrative agent representing the whole people in an effort to provide uniform and equal rates of taxation and assessment. Its jurisdiction and powers conferred by statute are limited. Being the agent of the people, created by the General Assembly, it affords a tribunal to which aggrieved taxpayers may appeal for a review of tax rates and assessments made, or indebtedness to be incurred, by the local municipality and subdivisions of the state. These principles are recognized in many cases among which are: *State Board of Tax Commis-*

*sioners* v. *McDaniel* (1928), 199 Ind. 708, 160 N. E. 347; *Zoercher* v. *Agler, supra; State Board, etc.,* v. *State ex rel.* (1926), 198 Ind. 343, 153 N. E. 404, 153 N. E. 576; *Van Hess* v. *Board, etc.* (1921), 190 Ind. 347, 129 N. E. 305; *State ex rel. Freeland* v. *Evans* (1926), 197 Ind. 656, 150 N. E. 788; *State ex rel.* v. *Leonard* (1926), 198 Ind. 356, 153 N. E. 777; *O'Connor* v. *Board, etc.* (1924), 194 Ind. 386, 142 N. E. 858; *Wallace* v. *Feehan, supra.*

From the foregoing the court concludes that the tax law under consideration in this appeal is valid, and that the judgment of the lower court is contrary to law and is not sustained by sufficient evidence. Therefore, the judgment is reversed with instructions to proceed in accordance with this opinion.

Roll, J., concurs with opinion. Fansler, J., dissents with opinion.

### CONCURRING OPINION.

ROLL, J.—While I concur in the result reached in the majority opinion, I find myself unable to agree with the proposition that the levying of a tax or the passage of a tax ordinance by the city council is not a legislative act or the exercise of a legislative function. I am of the opinion that it is. I am of the further opinion that the action taken by the state board of tax commissioners and questioned in this action is not the exercise of a legislative function, such as is prohibited by our state Constitution. It is time that the action of the state board of tax commissioners herein did affect taxation, but the state board did not levy any tax nor did they pass any tax ordinance. The legislature has vested municipalities with power to legislate for certain purposes, but this power is in a sense limited or superseded by the state board of tax commissioners which is vested with the power to approve or reduce, but not to increase

the rate fixed by the city council. This, in my judgment, is not legislation or the exercise of such legislative function as is prohibited by the state Constitution.

DISSENTING OPINION.

FANSLER, J.—The importance of this case lies not in its immediate result, but in the announcement of the doctrine that, in determining the amount of money which shall be levied upon the taxpayers of a municipality for municipal purposes, the city council acts ministerially and not legislatively, which is the basis for the conclusion that power to review the action of the city council does not violate the Constitution by delegating legislative power to the state tax board. The statute under consideration seeks to confer power upon the state tax board to *reduce* levies only, but in the reasoning applied and the principles announced nothing is seen to prevent further legislation delegating power to the state tax board to *increase* levies or to prevent the delegation of complete original jurisdiction to the state tax board or any other state ministerial board to fix the amount of all levies, local or state, within prescribed maximum limits.

Section 1 of article 3 of the Constitution divides the powers of government into three separate departments, the legislative, the executive, including the administrative, and the judicial, and provides that no person charged with official duties under one of these departments shall exercise any of the functions of another.

The opinion concedes that the power to tax is exclusively legislative, but concludes that, in determining how much money shall be raised by taxation for each authorized municipal purpose, the city council acts as a mere fact-finding body, applying a rule adopted by the General Assembly to the facts in a given case. It is said in the majority opinion:

"The City of Indianapolis is in error when it takes the position that the act of its City Council in making up the tax budget and passing the tax ordinance constitutes a legislative act in the sense that a law enacted by the General Assembly is a legislative act. Such is not the case. . . .

"The government of the City of Indianapolis, a creature of the Legislature, is a part of the taxation machinery, acting in an administrative capacity, subject to the restrictions and limitations imposed by the Legislature. The local government of the city does not act either in a judicial or a legislative capacity in applying the tax laws to the needs and necessities of that unit. . . .

"Neither the city officials nor the tax board can levy a tax not provided for by the Legislature. No power is delegated to either to legislate upon that subject; nor do they pronounce judgment. They administer the tax laws as required by the Legislature, and pursuant to the method, standard and rules prescribed by the statute, among which are maximum amounts of the several levies to be made by the local municipalities, and the provision that the State Board of Tax Commissioners only can approve or reduce the levies fixed by the local tax officials."

In other words, the majority opinion is based upon the assumption that, since the municipality may only levy taxes for the purposes authorized by the legislature, and, since the total of taxes that it may levy may not exceed $1.50, the limit fixed by the legislature, the determination of the amount of money which shall be raised and appropriated for city purposes and levied against the taxpayers of the city, and a determination of the amount that shall be levied and expended for each purpose, is a mere ministerial function, and that it does not amount to levying a tax. No authority is cited to sustain this conclusion, which seems inconsistent with every fundamental principle of the law of taxation.

Judge Cooley, generally recognized and highly re-

spected authority upon matters of taxation, said, respecting the delegation of taxing powers:

". . . the powers which cannot be delegated to merely ministerial or judicial officers, include the selection of the property to be taxed, the determination of the purposes for which taxes shall be levied, the fixing of the amount of the tax to be imposed, the fixing of the rate of taxation, and the prescribing of the rules for taxation in general. . . . 'It may be laid down as a general proposition,' says the Supreme Court of the United States, 'that where a Legislature enacts a specific rule for fixing a rate of taxation, by which rule the rate is mathematically deduced from facts and events occurring within the year and created without reference to the matter of that rate, there is no abdication of the legislative function, but on the contrary, a direct legislative determination of the rate.' . . .

"But to leave to a court of claims or any state officer or board the power to determine whether a tax should be laid for the current year, or at what rate, or upon what property, or how it should be collected, and whether lands should be sold or forfeited for its satisfaction,—all this prescribes no rule, and originates no authority; it merely attempts to empower some other tribunal to prescribe a rule and set in motion the tax machinery. And this is clearly incompetent." Cooley on Taxation (4th Ed.), p. 194, §78.

The determination of the purpose for which a tax shall be levied, and the amount of money to be collected from the taxpayer for each purpose, is of the very essence of the power to tax, and any formula that confers discretion as to whether or not money shall be raised for any specific purpose, or the amount of money to be raised for that purpose, is a delegation of the sovereign legislative power of taxation.

The majority opinion refers to *School City of Marion* v. *Forrest* (1907), 168 Ind. 94, 78 N. E. 187, as holding that the power delegated to the city council to fix

and levy taxes, in strictness, "does not arise to the dignity of a legislative enactment by the General Assembly." But there is no language in the opinion which seems susceptible to such a construction. That decision recognizes the power of taxation as legislative. It was contended that the General Assembly could not properly delegate the power to a municipal library board appointed by the council upon the ground, it may be assumed, that such power could only be delegated to a legislative municipal body elected by and directly responsible to the people. It was held that such boards "exercise the whole power of the municipality in respect to public libraries," and that hence delegation of taxing power to such a board was not violative of the Constitution. It was not expressly decided whether the library board was a legislative or a ministerial body, but no question of delegation of power to a state board was involved. Upon authority of decisions of the United States Supreme Court, and the courts of last resort of several states, it is said in 27 Am. & Eng. Ency. of Law (2nd Ed.), p. 620:

". . . the imposition of taxes by cities, counties, or towns for their support is as much an exercise of the taxing power of the state as a tax imposed directly by the state."

If the legislature, by appropriate enactment, appropriates money for a specified purpose and levies a tax against the property of the citizens of the state, the tax has the dignity of a lien. The same is true of an enactment by a city council. Both levies go upon the same tax duplicate, and are enforceable in the same manner. Both liens are created by the enactment of a law or ordinance by a legislative body, and therefore it is not clear what is meant by the statement that municipal levies do not rise to the dignity of legislative levies.

The case of *Zoercher* v. *Agler* (1930), 202 Ind. 214, 172 N. E. 186, is referred to as deciding the question here under consideration. An examination of the opinion, and the opinion upon rehearing, in that case, discloses that the question before the court for decision was whether or not the action of the state tax board in decreasing the tax rate of the city of South Bend from 73 cents to 72 cents was unlawful and violative of the vision of the Constitution here under consideration. It appears that the city council determined upon the levy of a specific sum of money to pay the expenses of the city government; that in making its computation to determine the rate it used a figure as representing the taxable valuation of property within the city, which was found by the trial court to be incorrect. It was found that the amount of money which the city council had determined to levy for governmental purposes would be provided by the 72 cent rate fixed by the state tax board, and that the 73 cent rate which the city council had fixed would provide more revenue than the council had elected to raise. While there is much *obiter dictum* in the opinion, the question that was decided by the court, and the fact that the question was clearly understood, is illustrated by the following language which we quote from the opinion (p. 227):

> "The power which the board here exercised was simply to make a mathematical computation from the figures before it and determine therefrom as a matter of fact that the tax levy fixed by the city would raise more money than was needed to provide the sums set out in the budget, and that the rate of assessment must be reduced from 73 cents to 72 cents in order to keep it within the provisions of the law. Clearly the exercise of such power was proper, and it was not a legislative act."

From this it clearly appears that in that case the question of whether the legislature might delegate to

the state tax board the power to determine how much money would be levied for the purposes of municipal government, or the specific purposes for which it could be levied, was not before the court for decision, since the state tax board had attempted to do nothing more than correct the clerical error in computation made by the city officers in seeking to apply a rate that would provide the revenue which the city council in its legislative capacity had determined to be necessary. It is true that the following language, unnecessary to the decision of the case, was used (p. 225):

> "It is unnecessary here to enter upon a discussion of the existence of 'the right of local self-government' in cities, or to determine just what such phrase includes. It cannot include the right of taxation, because that, by §1, Art. 10, Constitution, §200, Burns 1926, is vested in the General Assembly."

No authority is cited to support the proposition, and it is inconceivable that a government can exist without power to tax. But, granting that the power to tax is vested by the Constitution in the General Assembly—the legislative branch of the state government—the same Constitution forbids the delegation to that power to the state board, a part of the "executive including the administrative" branch of the state government. It is said in 19 R. C. L., p. 943, §242, with citation of many supporting authorities:

> "The power of taxation is the power of a sovereign state to require a contribution of money or other property in accordance with some reasonable rule of apportionment from the persons, property or occupations within its jurisdiction for the purpose of defraying the public expenses. Such power lies exclusively in the legislature, and a municipal corporation has no right to levy a tax upon the property of its citizens without the sanction of a legislative enactment. But though it is well settled that, as a general proposition of law, the sovereign

power of taxation is incapable of delegation, there is a recognized exception to this rule in the case of the political subdivisions of the state, and the power of the legislature to authorize municipal corporations to levy taxes for the purpose of providing the necessary revenue to defray the expenses of municipal government and to pay for the construction of public improvements within their respective limits has been exercised for so long a time that its existence is not open to dispute."

It is said further on page 944, §244:

"When the power to levy a tax is delegated to a municipal corporation, although the detail work of listing the property or other subjects of the tax, and valuing it, and assessing and collecting the tax is frequently delegated to appointive officials, the power of determining that a tax shall be levied and of deciding upon the amount to be raised or the rate of the tax, and the classes of property or the privileges or occupations upon which the tax shall be assessed, if these points are not covered by the statute, is almost always exercised by the people of the district which is to bear the burden of the tax, either directly or through their elected representatives in the municipal council, and thus the old maxim of the colonists 'no taxation without representation' is not violated. It is held by the weight of adjudicated cases that the power of levying a tax cannot be constitutionally delegated to a board of appointive officers, whether their authority is state wide or confined to a particular municipality or district, without the direct consent of the people of the district to be taxed, . . ."

While it has been said that the enforcement of the principle "no taxation without representation" is a judicial usurpation of power delegated to the legislature, it will be noted that where our Constitution speaks it prohibits the delegation of legislative power to "the executive including the administrative" branch of the government. It cannot be doubted that at the time the Constitution was enacted it was clearly established that the exercise of the power of taxation, that is the de-

termination of the amount of revenue that would be collected from the taxpayers for governmental purposes, was the exclusive function of the legislative branch of the government. Adhering to the American tradition, our Constitution provides that "bills for raising revenue shall originate in the house of representatives," which is the popular branch of the legislative arm of the government, and is the one closest to the immediate control of the electorate. Whether or not, in the face of this constitutional provision, the determination of how much money shall be raised for governmental purposes may be delegated to a branch of the municipal government that is not elected by the people, the conclusion cannot be avoided that discretion in determining the amount of taxes that may be levied cannot be delegated to a ministerial branch of the state government, and that the Constitution expressly prohibits such a delegation.

It was said by Chief Justice Marshall, in *McCulloch* v. *Maryland* (1819), 17 U. S. (4 Wheat.) 315, that the power to tax is the power to destroy. It was expressly recognized in that opinion, not only that the power to tax property is the power to destroy, but that the power to deny to a government the right to raise revenue by taxation is the power to destroy that government. The power to limit without measure the revenue which a municipal government may raise by taxation is the power to destroy that municipal government in whole or in part. The legislative branch of the state government may limit the purposes for which a municipality may levy a tax and the amount of the levy—grant that it may destroy the state government—but it may not delegate that legislative power.

In the cases of *Van Hess* v. *Board, etc.* (1921), 190 Ind. 347, 129 N. E. 305; *O'Connor* v. *Board, etc.* (1924),

194 Ind. 386, 142 N. E. 858; *State ex rel. Freeland* v. *Evans* (1926), 197 Ind. 656, 150 N. E. 788; and *State Board of Tax Com'rs.* v. *State ex rel. City of Indianapolis* (1926), 198 Ind. 343, 153 N. E. 404, 153 N. E. 596, the question of whether the act under consideration sought to delegate the legislative power of taxation was not considered or decided.

The legislature may delegate to the state board of tax commissioners, and to local ministerial or administrative officers, the duty of assessing property, which consists in finding facts as to its true cash value, which is the legislative rule for assessment, and to equalize assessments between units, since the property in all units is required to be assessed upon the same basis, true cash value. But it is a far cry from this to conferring power upon ministerial bodies to determine the purpose for which money shall be levied as a tax, and the amount that shall be levied for each purpose.

The discretion sought to be delegated to the state board of tax commissioners in controlling the amount of money that is to be levied as taxes by the municipality is not limited in the statute, and if there is a valid delegation of the power the board may reduce levies fixed by a city council to any extent that it may see fit in the exercise of its discretion. Such reduction may override the judgment of the city council as to the number of policemen or firemen or employes in the sanitary department that may be necessary to safeguard the public interest, and as to the amount of the salaries that are to be paid to public employes, the amount that will be spent upon schools, and for the employment of teachers, for parks, and playgrounds, and the numerous other activities which are thought to be essential to the health and welfare of communities, and for which they are authorized to raise revenue by taxation.

The power to control the amount of such expenditures, to limit them, and to deny the city the right to derive such revenue as it may think necessary to preserve its properties, and efficiently provide for the public welfare and safety, is surely the power to destroy the efficiency of city government and to jeopardize the efficiency, if not the existence, of its established institutions. Not one authority is found that sustains the contention that such power may be delegated to a state administrative or ministerial board. The fundamental principles laid down by every writer on the subject appear to be an insuperable argument against it.

In *State ex rel. Geake* v. *Fox* (1902), 158 Ind. 126, 63 N. E. 19; *State ex rel. Jameson* v. *Denny* (1889), 118 Ind. 382, 21 N. E. 252; *City of Evansville* v. *State ex rel. Blend* (1889), 118 Ind. 426, 21 N. E. 267; and *State ex rel. Holt* v. *Denny* (1889), 118 Ind. 449, 21 N. E. 274, this court held that the legislature has no constitutional authority to place the management and control of a city's fire department, parks, and other private property under the control of boards appointed a board to be appointed by him, power to levy taxes for specified purposes, fixing a limit to the total tax which he may levy for all state purposes, and leave to his discretion the question of whether taxes will be levied for all purposes, and the amount to be levied for each purpose within the general limitation. In fact, there would seem to be nothing in the Constitution which would prevent the legislature from laying down a rule fixing the purposes for which taxes may be levied in all governmental units, including township, county, city, and state, and fixing a limit of total levies for each, and delegating to one central administrative or ministerial agency the power of determining the amount of taxes, if any, to be levied for each purpose

within the general limitation. This clearly was not by the governor of the state. The power to reduce or eliminate the revenues required for the maintenance and operation of such instrumentalities is the power to control their management. The decision of the majority would seem to be in direct conflict with these cases.

Under the reasoning of the majority the legislature may prescribe the purposes for which the state highway commission may collect taxes and fix a maximum limit thereon, and delegate to that commission the power to determine what the needs of the state in respect to highways may be, and how much money will be collected in taxes to supply those needs, under the theory that the ministerial board is merely applying a legislative rule; or it may delegate to the governor, or a board to be appointed by him, power to levy taxes for specified purposes, fixing a limit to the total tax which he may levy for all state purposes, and leave to his discretion the question of whether taxes shall be levied for all purposes, and the amount to be levied for each purpose within the general limitation. In fact, there would seem to be nothing in the Constitution which would prevent the Legislature from laying down a rule fixing the purposes for which taxes may be levied in all governmental units, including township, county, city, and state, and fixing a limit of total levies for each, and delegating to one central administrative or ministerial agency the power of determining the amount of taxes, if any, to be levied for each purpose within the general limitation. This clearly was not the understanding or intention of the people when the Constitution was adopted. It is a fundamental principle of our theory of government that only by legislative enactment can a tax be laid upon the people, and the purposes and amount of taxation determined.

It follows that the act, in so far as it seeks to delegate power to the state board of tax commissioners to regulate or control the purposes for which municipalities may levy taxes, or the amount of tax which they may levy, is unconstitutional, and the judgment should be affirmed.